556.       Petitioner and others similarly situated being these American people.

557.       Petitioner and others similarly situated do not owe any money to

LEHMAN BROTHERS BANK FSB, *supra*;

558.       Petitioner and other Americans similarly situated presumptively may have

made a single monthly Mortgage payment to LEHMAN BROTHERS BANK FSB,

consummating the negotiation; for example,

559.       AURORA as Servicer for LEHMAN BROTHERS BANK FSB, *ab initio*,

servicing duty commenced November 15th 2006, two weeks post-Closing, as it relates

to Petitioner's real-estate Closing; thereafter,

560.       AURORA presumptively disbursed Petitioner's first monthly Mortgage-

Loan payment to LEHMAN BROTHERS BANK FSB, but each subsequent monthly

Mortgage-Loan payment was setover to a party other than LEHMAN BROTHERS

BANK FSB, unbeknownst to Petitioner at all time relevant; as such,

561.       AURORA, or rather the occupant of the Office of CEO and PRESIDENT

of AURORA TOM WIND knew, or should have known, LEHMAN BROTHERS

BANK FSB did not Hold or Own any right, title, or interest, lawfully, legally nor in

equity of Petitioner's debt, or the debt of other Americans similarly situated;

562.       AURORA *et al.*, knew or should have known within a Month of

AURORA Servicing said debt who the monthly mortgage payment is setover to, a/k/a

the Creditor / Beneficiary.

## VIII.
## AURORA OFFERS LOAN MODIFICATION IN BAD FAITH

**563.**       Petitioner re-alleges and affirms each and every preceding paragraph of this Complaint and incorporate same here as if alleged anew.

**564.**       Defendant AURORA and its Agents have made many offers to Modify Petitioner's Mortgage-Loan; if,

**565.**       Petitioner would continue to make payments to AURORA; however,

**566.**       Petitioner has made numerous requests of AURORA to prove its Claim;

**567.**       AURORA unable, or unwilling to prove its Claim employs the law firm of Kahrl Wutscher LLP to respond privately, did do so by informing Petitioner AURORA is just the Servicer (a/k/a Third-Party-Debt-Collector); the,

**568.**       Real-Party-in-Interest is LEHMAN BROTHERS HOLDING INC, a stranger to the Original-Negotiation;

**569.**       LEHMAN BROTHERS HOLDING INC is alleged to be the real Party-in-Interest, a party Petitioner did not know existed until that moment in time, March 24th 2010; *ergo*,

**570.**       AURORA discloses it is not collecting the debt for the Original Creditor.

**571.**       Kahrl Wutscher LLP alleges to represent AURORA, pursuant to its letters, no mention of representing LEHMAN BROTHERS HOLDING Inc.;

572.      Kahrl Wutscher LLP provides Petitioner with HAMP and non-HAMP application documents, with a request to fill out the Forms with all supporting documents, and return same to that law Firm directly; as,

573.      *"Time is of the essence. <u>Aurora will not postpone or suspend foreclosure proceedings, if any, while it waits your delivery of a completed loan modification application."</u>* [<u>emphasis added</u>] See "Exhibit M" hereto attached and incorporated herein by reference, offer above made by Travis J. Eliason.

574.      AURORA on the other hand is offering Petitioner the HAMP program as the Servicer of the debt; see "Exhibit N" hereto attached and incorporated herein by reference, delivered by U.S. Postal Service under Certified Mail No., 7107 8381 6540 8248 8745;

575.      AURORA offering Petitioner the HAMP program as the Servicer of the debt does not identify its Principal; however,

576.      December 12th 2008 AURORA testified it is the Owner and Holder of the Mortgage and NOTE in Case NO. 07-80998-CIV-RYSKAMP / VITUNAC;

577.      AURORA *et al*., testified said Mortgage-NOTE is under its care, custody and control as of 12th of December 2008 and provides a copy of the unrecorded Assignment as *prima fascia* evidence, see attachment to "Exhibit A";

578.      Defendant AURORA commenced an action against this Petitioner May 15th 2009, Case NO. 09-CA-017057, in its own name, for its own benefit, as Owner and Holder of the Mortgage and NOTE, as the Real-Party-in-Interest;

**579.**      Defendant herein, but Plaintiff in Case NO. 09-CA-017057, AURORA on

May 15th 2009, COUNT I, paragraph 5; *"The Plaintiff* (AURORA) *owns and holds the*

*Note and Mortgage."* (emphasis added) (fraudulent factum)

**580.**      Defendant herein AURORA, but Plaintiff in Case NO. 09-CA-017057,

Complaint COUNT III pleads, in part, *"... the Plaintiff was in possession of the Note*

*and Mortgage and was entitled to enforce THEM when the loss of possession*

*occured..."*; (fraudulent factum)

**581.**      Defendant AURORA, its Standing is predicated upon AURORA receiving

beneficial interest in both the NOTE and Mortgage from MERS®;

**582.**      MERS® a separate corporation, a third party Nominee is without right, title or

interest, legally nor in equity; see In **Re Vargas**, **396 B.R. 511 (Bankr.C.D.Cal. 2008)**.

See also **Mortgage Elec. Reg. Sys. v. Nebraska Dept. of Banking**, 270 Neb. 529.

**583.**      Defendant AURORA in a letter dated October 19th 2010 informs

Petitioner, *"As your mortgage loan servicer..."* see "Exhibit N" AURORA LOAN

SERVICES delivered by U.S. Postal Service by Certified Mail;

**584.**      Defendant AURORA October 19th 2010 (same letter as above) informs

Petitioner, under the heading IMPORTANT NOTICE; *"Aurora Loan Services is a debt*

*collector.  Aurora Loan Services is attempting to collect a debt and any information*

*obtained will be used for that purpose."*  (Pg 4 of 5, 2nd par.)

**585.**      Premises Considered is Judicial Estoppel in Case NO. 09-CA-017057,

perjury by inconsistent statement.

**586.**      Therefore a question arises as to where does Defendant AURORA find the

capacity to Modify Petitioner's Mortgage-Loan, or others similarly situated, as

AURORA is a Servicer; furthermore,

**587.**      Defendant AURORA to take any action other than that which is

specifically authorized of a Servicer, or the rules governing a Third-Party-Debt-

Collector is an *ultra virus* act, made in bad faith; furthermore,

**588.**      Defendant AURORA is without actual intent or capacity to Modify

Petitioner's Mortgage-Loan, or other Americans similarly situated, but AURORA has

affirmatively offered to do so for a price;

**589.**      Loan-Modification is analogous to Novation, additions to, or modification

of an existing agreement and provisions found therein;

**590.**      Defendant AURORA is actually soliciting Petitioner in order to Contract

anew, as AURORA lacks the legal capacity to Modify Petitioner's Mortgage-Loan;

**591.**      ***"Here's how it works: We will first determine if you are eligible…"*** The

Servicer, this Third-Party-Debt-Collector AURORA is going to make a determination

on eligibility, but can not or will not prove its Claim upon formal request, under Title

15 § 1692 *et seq.*, or under Florida Consumer Collection Practices Act, 559.55 *et seq*;

592.     Defendant AURORA as servicer wants updated details of Maker's financial condition, to decipher if it is cost affective to sue for a deficiency judgment after Maker's Home, is unlawfully or illegally taken;

593.     Primary reason for documentation is not as Maker is lead to believe, as AURORA is making a determination of qualification for a "loan modification"; rather,

594.     Defendant AURORA would like to know where Maker's bank account is so AURORA can attach it; and,

595.     Defendant AURORA would like to know where Maker is employed;

596.     AURORA would like to see a recent pay stub, so AURORA can eventually garnish Maker's pay-check.

597.     Defendant AURORA is employing deceit to fraudulently induce Maker into contracting, under the pretext of Mortgage-Loan Modification; as,

598.     AURORA holds neither lawful, legal nor equitable interest in either Petitioner's NOTE or Mortgage to modify, nor does AURORA hold lawful, legal or equitable interest in  the debt of others similarly situated, *ergo*, can not modify the debt;

599.     this offer of Mortgage-Loan Modification was known to be a false offer at the time this offer was made, witnessed in part by said communication making said offer is made anonymously, but does display the logo of AURORA; see "Exhibit N;" furthermore,

600.     TRUST AGREEMENT therein we find the following passage;

*The Master Servicer shall represent and protect the interests of the Trust Fund in the same manner as it protects its own interests in mortgage loans in its own portfolio in any claim, proceeding or litigation regarding a Mortgage Loan and shall not make or knowingly permit any Servicer to make any modification, waiver or amendment of any term of any Mortgage Loan that would cause an Adverse REMIC Event.* [page 140 TRUST AGREEMENT]

**601.**     TRUST AGREEMENT calls for a written opinion from Counsel prior to any modification or amendment to any Mortgage-Loan held by this REMIC; for good reason,

**602.**     in order for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11 to qualify for its REMIC status cannot own neither legal nor equitable interest in the Mortgage-Loans it holds; see I.R.C. 860;

**603.**     Counsel knows all legal and beneficial interest in Petitioner's Mortgage-Loan was transferred to the Trust-Certificate-Holder[s] by and through the DTC, pursuant to the TRUST AGREEMENT, rendering the Trust effectively asset free;

**604.**     LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11 securitized pools of Mortgage-Loans make it impossible for AURORA, or any person to negotiate a Mortgage Loan modification. See "Exhibit Q."

**605.**     Defendant, occupant of the Office of CEO and PRESIDENT of AURORA knows Petitioner's NOTE held by this REMIC, LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11 can not be modified by AURORA, or any person; alternatively,

**606.**     REMIC, LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11 no longer exists, as many Trusts were dissolved

after payouts from credit default swaps, or / and after accepting TARP funds, whereby the actual investor(s) have been made whole and are long gone.

**607.** Defendant AURORA knowing these aforementioned allegations is fact, AURORA is offering to modify Petitioner's (existing) Mortgage-Loan and those of others similarly situated, is an offer made in bad faith.

**608.** Defendant AURORA's behavior and actions demonstrate a propensity which constitutes unfair and deceptive trade practices, AURORA *et al.*, is using its Superior-Knowledge to take advantage of Maker's ignorance concerning the rules which compose the financial matrix found within the Mortgage-Loan negotiation, executed by deceptive means, by studied concealment and misrepresentation in order to permanently deprive Petitioner of property, and deprive other Americans of their property.

## **PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Petitioner respectfully requests relief as follows;

**609.** A Declaratory Judgment finding herein, Defendant MERSCORP and MERS® is a single employer, 20 C.F.R. §639.3(a)(2) as the following threshold is met,

a) there is a common ownership interest;

b) both Defendants MERSCORP and MERS® share common Directors, or Officers;

c) there is found a unity of personnel policies emanating from a common source;

d) there is a dependency of operations; and,

e) there is found a *de facto* exercise of control.

**610.**       A Declaratory Judgment finding the Assignment, purporting to assign

LEHMAN BROTHERS BANK FSB's beneficial interest in Petitioner's NOTE, as

more fully described in "Exhibit A" attached thereto, is ineffective; because,

a) Defendants LEHMAN BROTHERS BANK FSB or MERS® hold no beneficial

interest in Petitioner's debt to transfer at any time relevant; or

b) The assignment by MERS® of Petitioner's Mortgage without negotiation for the

underlying Promissory-NOTE is a nullity. **37 Fla. Jur. 2nd, Mortgages, Section 511**.

See e.g., **Sobel v. Mutual Development, Inc., 313 So.2d 77 (Fla. 1st DCA 1975).**

**Vance v. Fields, 172 So.2d 613 (Fla. 1st DCA 1965)**; or,

c) Defendant LEHMAN BROTHERS BANK FSB filed for Bankruptcy protection

shortly after the debt was allegedly negotiated, is a Fraudulent Conveyance, or

Fraudulent Transfer, as LEHMAN BROTHERS BANK FSB was insolvent but

continuing in operation, as such said negotiation is void *ab initio*; or,

d) AURORA acquired Petitioner's NOTE for Ten ($10.00) from MERS® thereby

AURORA is not a bona fide purchaser as AURORA did not pay equivalent value for

the debt to the Principal; or,

e)  MERS® can not sell that which MERS® does not Own; *"A nominee of the owner of*

*the note and mortgage may not effectively assign the note and mortgage to another*

*for want of an ownership interest in said note and mortgage by the nominee."*

**LaSalle Bank Nat. Ass'n v. Lamy, 824 N.Y.S.2d 769, 2006 WL 2251721 (Sup.2006)**;

f) Defendants AURORA or LEHMAN BROTHERS BANK FSB violated 15 U.S.C. §1641 by failing to Notice Petitioner as to a change of Creditor within thirty (30) days of such an event.

**611.**    Declaratory Judgment finding the Assignment, purporting to assign LEHMAN BROTHERS BANK FSB's beneficial interest in Petitioner's NOTE, as more fully described in "Exhibit H," is ineffective, because,

a) Defendants LEHMAN BROTHERS BANK FSB or MERS® hold no beneficial interest in Petitioner's debt to transfer at any time relevant; or,

b) Assignment by MERS® of Petitioner's Mortgage without negotiation for the underlying Promissory-NOTE is a nullity; or,

c) Defendant LEHMAN BROTHERS BANK FSB is under Bankruptcy protection during the time the debt was negotiated, is a Fraudulent Conveyance, or Fraudulent Transfer, said transfer is void; or,

d) Defendant AURORA acquired Petitioner's NOTE for Ten ($10.00) from MERS® thereby AURORA is not a bona fide purchaser as AURORA did not pay equivalent value for the debt to the Principal; or,

e) MERS® can not sell that which MERS® does not Own; or,

f) Defendant MERS® *et al.*, allegedly already transferred Petitioner's Mortgage-NOTE on or before June 11th 2009, could not then again transfer the same debt on September 24th 2009;

g) Defendants AURORA or LEHMAN BROTHERS BANK FSB violated 15 U.S.C.

§1641 by failing to Notice Petitioner as to a change of Creditor within thirty (30) days

of such an event.

**612.**       Declaratory Judgment finding AURORA, third party debt collector, lacks

the capacity to sustain an Action against Petitioner in reference to a consumer debt prior

to Validating said debt pursuant to 15 U.S.C. §1692g once requested to do so in writing,

said request was pre-foreclosure (*lis Pendens*); see SPEARS vs BRENNAN (2001)[8].

---

[8]  **Brennan (Petitioner collection agency attorney) violated 15 U.S.C. § 1692g(b) when he
obtained a default judgment against Spears (defendant) after Spears had notified Brennan in
writing that the debt was being disputed and before Brennan had mailed verification of the debt
to Spears.**

## COUNT I.
## FRAUDULENT CONVERSION

**613.**     Petitioner re-alleges and affirms each and every preceding paragraph of this

Complaint and incorporate same here as if alleged anew.

**614.**     Defendant LEHMAN BROTHERS BANK FSB, prior to its Bankruptcy,

admitted by tacit acquiescence, it acquired Petitioner's NOTE, promise to pay, without

investing any of its own money, or any of its depositor's money, rather acquired a

Secured-Interest in Petitioner's Real-Property by Fraudulent Conversion;

**615.**     Defendant LEHMAN BROTHERS BANK FSB deposited Maker's

Promissory-NOTE into a Transaction-Account, see 12 U.S.C. §1813 (l)(1);

**616.**     Transaction-Account is created by a surrogate in the name of Maker, using

Maker's Limited-Power-of-Attorney, acquired under pretext at Closing;

**617.**     Transaction-Account is created in Maker's name, without Maker's

knowledge or consent;

618.        Deposit of Maker's NOTE into said Transaction-Account, created money-of-

account (credit-money, or check-book-money controlled by LEHMAN BROTHERS BANK

FSB); thereafter,

619.        Defendant LEHMAN BROTHERS BANK FSB tendered a Draft, or Bank-

Check drawn from Maker's Transaction-Account, to theoretically discharge [9] the debt

owed to the Seller of Donor's home;

620.        Defendant LEHMAN BROTHERS BANK FSB tender of said Draft, or

Bank-Check did do so in its own name, for its own benefit; however,

621.        on the Closing date, September 29th 2006 after LEHMAN BROTHERS

BANK FSB deposited Maker's NOTE into said Transaction-Account, deposits held by

LEHMAN BROTHERS BANK FSB increased by a sum equal to the face value of

Maker's NOTE;

622.        on that same Closing date, after LEHMAN BROTHERS BANK FSB

deposited Maker's NOTE into said Transaction-Account, the liabilities held on the

Books-and-Records of LEHMAN BROTHERS BANK FSB also increased by the face

value of Maker's NOTE;

---

[9]    **Borrower paying each and every month a sum certain to the Lender increases the Public Debt. The debt-money [*] created when it was borrowed is not eliminated upon payment. Maker can not pay a debt with another debt, you can only add to said debt. Discharging the debt is the only way to keep the system in a state of equilibrium; see HJR 192 June 5th 1933, or Public Law 73-10.**

623.        on that same Closing date, at the end of the day Reserves held by LEHMAN

BROTHERS BANK FSB are un-changed by this Mortgage-Loan transaction.

624.        Defendant LEHMAN BROTHERS BANK FSB converted Maker's NOTE,

into Money-of-Account with a few key-strokes on a computer; *ergo,*

625.        Defendant LEHMAN BROTHERS BANK FSB at the end of the day is in

exactly the same financial condition as the beginning of the day; except,

626.        Defendant LEHMAN BROTHERS BANK FSB, its Successor, or Assignee

thereof has acquired a promise to pay from Maker, appearing as a new asset on the

Books-and-Records of LEHMAN BROTHERS BANK FSB, its Successor, or Assignee

thereof; however,

627.        under GAAP there must be an equal and balancing offset to this new asset /

liability now appearing on LEHMAN BROTHERS BANK FSB's Books-and-Records,

which is revealed to the IRS on Form 1099-OID, Original Issue Discount, identifying the

source of the money (Bank's Liability), segregating the taxable interest, as the principal

is to be returned to the source (Creditor); as,

628.        Defendant LEHMAN BROTHERS BANK FSB is found to be the debtor on

IRS Form 1099-OID, with that liability owed to the Donor (Creditor).

629.        Defendant LEHMAN BROTHERS BANK FSB intentionally did not send

Donor a copy of the 1099-OID thus concealing the source of this money, which

LEHMAN BROTHERS BANK FSB used to seize Donor's immovable property;

630.     Defendant LEHMAN BROTHERS BANK FSB intentionally did not send

Donor a copy of the 1099-OID which would alert Donor to funds escrowed and

recoverable, however if not claimed is deemed abandoned after three (3) years; thereafter,

631.     Escrowed funds is consequently claimed by the debtor LEHMAN

BROTHERS BANK FSB, its Successor, or Assignee thereof; however,

632.     Donor is never informed the NOTE executed at Closing created the credit-

money, or Money-of-Account which was used to seize the immovable property, this

material fact was concealed, by intentional omission, is a Fraudulent Conversion.

633.     Federal Reserve Bank of Dallas publication MONEY AND BANKING,

page 11, explains that when banks grant loans, they create new money. The new money is

created because a new *"loan becomes a deposit, just like a paycheck does."*

634.     Federal Reserve Bank of Dallas web-site explains it this way;
http://dallasfed.org/educate/everyday/ev9.html

### How Banks Create Money
Banks actually create money when they lend it. Here's how it
works: Most of a bank's loans are made to its own customers
and are deposited in their checking accounts. Because the loan
becomes a new deposit, just like a paycheck does…

MODERN MONEY MECHANICS, page two (2) reads, in part; *"In the*

*United States neither paper currency nor deposits have value as commodities.*

*Intrinsically, a dollar bill is just a piece of paper, <u>deposits merely book entries</u>."*

bottom of page 6, and top of page 7 states, *"What they [banks] do when they make*

*loans is to <u>accept promissory notes in exchange for credits they make to the</u>*

_**borrowers' transaction accounts**_**. Loans (assets) and deposits (liabilities) both rise by... [the amount of the 'loan']." "Reserves are un-changed by the loan transactions. But the deposit credits constitute new additions to the total deposits of the banking system."  [Emphasis added for clarity**.] True copy of the front page of MODERN MONEY MECHANICS, pages two (2), six (6) and seven (7) compose "Exhibit L" hereto attached and incorporated herein by reference, see also Affidavit of Walker Todd "Exhibit C" and the Credit River Decision;

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against LEHMAN BROTHERS BANK FSB, or LEHMAN BROTHERS HOLDINGS INC, for Fraudulent Conversion, whereby Petitioner's NOTE or those NOTEs of other Americans similarly situated, is used same as money for the benefit of LEHMAN BROTHERS BANK FSB or LEHMAN BROTHERS HOLDINGS INC without just compensation, done without disclosure of all the true facts concerning the negotiation, while in possession of Superior-Knowledge took advantage of Maker's ignorance of the financial matrix involved in said negotiation; as such award Borrower return of the Promissory-NOTE, or / and award Borrower compensatory damages, general damages, or / and punitive damages; Order AURORA to return all the rent payments collected to Donor, or Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

## COUNT II.
## INTRINSIC FRAUD

**635.**     Petitioner re-alleges and affirms each and every preceding paragraph of this

Complaint and incorporate same here as if alleged anew.

**636.**     In Case NO. 07-80998-CIV-RYSKAMP / VITUNAC, IN THE UNITES

STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA,

therein AURORA was a co-Defendant;

**637.**     The INTERNAL REVENUE SERVICE ("IRS") filed an Action *in rem* to

foreclose on Petitioner's real-estate to satisfy a debt, joined AURORA as an indispensable

party (in error);

**638.**     IRS Action commenced October 22nd 2007;

**639.**     Defendant AURORA instead of informing the IRS it made an error in

joining AURORA thereafter substituting the Real-Party-in-Interest, AURORA acted as

if it is the Real-Party-in-Interest, filed a Notice of Appearance as such;

**640.**     Defendant AURORA knowing it lacked Standing fabricated an untimely

colorable Assignment, executed July 9th 2008;

**641.**     July 9th 2008 is almost two (2) years after the REMIC Closing-Date.

**642.**

643.     Defendant Aurora recorded said Assignment with the Clerk of the Court as *prima fascia* evidence, to show Standing or to show an interest in Petitioner's property committed an act of Intrinsic Fraud, did so knowingly, or should have known; as,

644.     MERS' alleged Certifying Officer JOANN REIN knew, or should have known said Assignment lacked a legal foundation; considering,

645.     Defendant AURORA severally with employee JOANN REIN jointly as Servicer of Petitioner's account collect the Monthly-Mortgage-Payment from Maker thereafter forward same to someone other than LEHMAN BROTHERS BANK FSB.

646.     Defendant AURORA is a party to the SERVICING AGREEMENT, has superior knowledge, knows, or should know ¶645 is true.

647.     Assignor LEHMAN BROTHERS BANK FSB negotiated the NOTE setover same to LEHMAN BROTHERS HOLDINGS INC, did so in the year 2006;

648.     IF JOANN REIN held proper authority from MERS® to Assign, did not properly execute said Assignment, as, in part, did not use MERS' Corporate Seal, making the alleged negotiation infirm, and questionable; and,

**649.**        Assignor is the Original Lender of public record but AURORA knows

Assignor is not legally the proper party Beneficiary pursuant to the Chain-of-Title

found in the POOLING AND SERVICING AGREEMENT, of which AURORA is a

party thereto possess Superior-Knowledge; and,

**650.**        Bogus Assignment was subsequently recorded, as a public record June 11th

2009, Intrinsic Fraud, by Uttering; after,

**651.**        Alleged Assignor LEHMAN BROTHERS BANK FSB filed for

Bankruptcy protection on September 15th 2008, almost two years after Petitioner Closed

on the real-estate in question, and two months after AURORA executed this fraudulent

Assignment; which,

**652.**         AURORA knew its fabricated Assignment was a fraudulent Assignment

at the time said Assignment was executed, or should have known; *supra*.

**653.**        Defendant, occupant of the Office of CEO and PRESIDENT of AURORA

knew, or should have known LEHMAN BROTHERS BANK FSB held neither right, title

nor interest in Petitioner's debt July 9th 2008; see Special-Indorsement found on copy of a

copy of the NOTE in question, recorded by AURORA with the Clerk of the Court as its

Exhibit in Case NO. 09-017057;

654.        Special-Indorsement found on the copy of a copy of this NOTE indicate

LEHMAN BROTHERS HOLDINGS INC, which filed for Bankruptcy protection along

with LEHMAN BROTHERS BANK FSB, is the last known Holder / Owner of the debt.

655.        Defendant JOANN REIN in the capacity of Vice President knows the

Mortgage follows the NOTE, **Carpenter v. Longan**, 83 U.S. 271 (1827); therefore,

656.        Defendant JOANN REIN consciously and intentionally included

Petitioner's NOTE within the CORPORATE ASSIGNMENT OF MORTGAGE,

knowing without the NOTE the Assignment of just the Mortgage alone is a nullity;

657.        Defendant JOANN REIN assigned both Mortgage and NOTE without

legal capacity to do either, did do so constructively, knowing, or should have known

this was an *ultra virus* act, done without authorization; as,

658.        Defendant MERS® does not possess a separate written and recorded

conveyance from the actual Holder of the NOTE (*albeit* LEHMAN BROTHERS

HOLDINGS INC, or from LEHMAN XS TRUST MORTGAGE PASS-THROUGH

CERTIFICATES, SERIES 2006-11, or from the Judicial Trustee administering the

estates);

659.        Defendant MERS® does not possess an actual separate written and recorded Power-of-Attorney setover to MERS® prior to MERS® making said conveyance, as such said conveyance from MERS® is without proper authority, *ergo* a void act; furthermore,

660.        Assignment of a debt as a matter of law is ineffective; as,

661.        the transfer of a debt is not an administrative act; and,

662.        said Assignment was fabricated strictly for purpose of litigation, to misdirect the Court; *infra*,

663.        Defendant, occupant of the Office of CEO and PRESIDENT of AURORA knows, or should have known the Assignment executed by its employee JOANN REIN is a Fraudulent Conveyance, or Fraudulent Transfer, as Assignor LEHMAN BROTHERS BANK FSB is under Bankruptcy protection, §726.105(2)(i) Fla. Stat.;

664.        AURORA recorded said Assignment with the Clerk of the Court with the expressed intent to show an Interest in Petitioner's property, as AURORA has done in many other unrelated foreclosure cases, but which are similar in nature; whereby,

665.        AURORA fabricates presumptive evidence, in the Form of an Assignment, and then records said colorable Assignment, knowing said Assignment lacks a legal foundation, results in an act, or acts of Intrinsic Fraud; furthermore,

666.        **AURORA is committing, or has committed an Act, or Acts of Intrinsic Fraud in each Foreclosure Action wherein LEHMAN BROTHERS BANK FSB is the Original Lender, AURORA is Servicer, and thereafter AURORA commences a Foreclosure Action in its own name for its own benefit, appears as Creditor, Plaintiff or Mortgagee of record, after September 15th 2008.**

667.        Petitioner implicates LASALLE BANK NATIONAL ASSOCIATION and U.S. BANCORP as TRUSTEE, successor in interest to LASALLE BANK NATIONAL ASSOCIATION for turning a blind eye in tacit Procuration, when there is a duty to speak.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of AURORA, JOANN REIN, MERSCORP, MERS®, LEHMAN BROTHERS BANK FSB, LEHMAN BROTHERS HOLDINGS INC, LASALLE BANK NATIONAL ASSOCIATION, U.S. BANCORP as TRUSTEE, successor in interest to LASALLE BANK NATIONAL ASSOCIATION jointly, or severally for Intrinsic Fraud, Fraud Upon the Court in Case NO. 07-80998; finding in the Affirmative, in whole or part, disgorge these Defendant's of all ill-gotten-gain whereby AURORA has taken property from Borrower, or is attempting to take property from Borrower evidenced by an Assignment from MERS® as Nominee for LEHMAN BROTHERS BANK FSB after September 15th 2008 and up to a year prior; award Borrower the NOTE in treble, or /

and award Borrower actual damages, compensatory damages, general damages, or / and

punitive damages; Order AURORA to return all the rent payments collected to Donor,

or Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and

fair, determined at Trial.

## COUNT III.
## INTRINSIC FRAUD

**668.**      Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**669.**      Petitioner herein requested in Discovery and received in Case NO. 07-

80998 a Verified INTERROGATORY under seal from AURORA which was recorded

with the Clerk of that Court.

**670.**      Affiant and Defendant herein LAURA MCCANN, assisted by Defendant

CYNTHIA WALLACE, a/k/a CINDY WALLACE, testified December 12th 2008, in

part;

(a).          testified AURORA is the NOTE-Holder;

(b).          testified AURORA is in possession of the genuine Note, containing the

once wet ink signature of Petitioner;

(c).         testified *"Aurora is the assignee of the mortgage, pursuant to the*

*Corporate Assignment of Mortgage attached hereto."* See "Exhibit A" titled

AURORA LOAN SERVICES INTERROGATORY Answers;

671.         CORPORATE ASSIGNMENT OF MORTGAGE, attached to "Exhibit A"

states in part; *"...Assignor hereby assigns unto the above-named Assignee, the said*

*Mortgage together with the Note..."* **"together with the NOTE"** are words of material

significance intentionally omitted from the INTERROGATORY Answer; furthermore,

672.         **"together with the NOTE"** without explanation as to where, when or who

MERS® acquired Petitioner's NOTE from, as MERS® is not a party to Petitioner's

NOTE and the record is barren of any representation that MERS® had any authority to

take any action with respect to Petitioner's NOTE.

673.         Petitioner herein but Defendant in Case NO. 07-80998, Request for

Production asked to see the genuine NOTE;

674.         after some Discovery, and some Argument, AURORA paid the IRS One-

Hundred-and-Fifty-Thousand ($150,000.00), thereafter was dropped as a Defendant in

that case, without admitting to any wrong doing, did not produce the genuine NOTE,

nor produced a copy of the alleged NOTE in its possession; because,

675.         Presumptively the IRS discovered Defendant AURORA was not legally

the Assignee of Petitioner's NOTE, nor was AURORA the Real-Party-in-Interest; and,

676.        Presumptively the IRS discovered Defendant AURORA was not at any

time relevant in possession of Petitioner's genuine NOTE;

677.        LAURA MCCANN assisted by Defendant CYNTHIA WALLACE, a/k/a

CINDY WALLACE committed an act of perjury, by testifying falsely, statements

known to be false at the time said statements were made, or should have known same.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT

of AURORA, LAURA MCCANN, CYNTHIA WALLACE, a/k/a CINDY WALLACE,

MERSCORP, MERS®, LEHMAN BROTHERS BANK FSB, LEHMAN BROTHERS

HOLDINGS INC, LASALLE BANK NATIONAL ASSOCIATION, U.S. BANCORP

as TRUSTEE, successor in interest to LASALLE BANK NATIONAL ASSOCIATION

jointly, or severally for Intrinsic Fraud, Fraud Upon the Court in Case NO. 07-80998;

finding in the Affirmative, in whole or part, disgorge these Defendant's of all ill-gotten-

gain whereby AURORA has taken property from a Borrower, or is attempting to take

property from Borrower evidenced by an Assignment from MERS® as Nominee for

LEHMAN BROTHERS BANK FSB after September 15th 2008 and up to a year prior;

award Borrower face value of the NOTE in treble, or / and award Borrower actual

damages, compensatory damages, general damages, or / and punitive damages; Order

AURORA to return all the rent payments collected to Donor, or Heir of the estate, with

costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

## COUNT IV.
## <u>INTRINSIC FRAUD</u>

**678.**      Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**679.**      Case NO. 09-CA-017057, filed May 15th 2009, COUNT III, AURORA, as

Plaintiff therein plead *"...action to enforce a lost, destroyed or stolen promissory note*

*and mortgage under Fla. Stat. § 673.3091."* because,

**680.**      pursuant to section § 90.953, Florida Statutes, (2002), Florida's code of

evidence, the Plaintiff in a mortgage foreclosure must present the original Promissory-

NOTE as a duplicate of a note is not admissible, or have said NOTE reestablished.

**681.**      Between December 12th 2008 (INTERROGATORY, "Exhibit A") and

May 15th 2009 Defendant AURORA wants the Court to believe it lost the genuine

NOTE and Mortgage, face value of Six-Hundred-and-Fifty-Thousand, ($650,000.00),

knowing foreclosure litigation is on the horizon; however,

**682.**      Defendant AURORA failed to report this loss to the Securities and

Exchange Commission, **General Rules and Regulations promulgated under the**

**Securities Exchange Act of 1934,**    <u>**Rule 17f-1**</u>;  *Requirements for Reporting and*

*Inquiry with Respect to Missing, Lost, Counterfeit or Stolen Securities*; as such,

683.         seeing AURORA did not report the NOTE as lost, stolen or missing to the

Securities and Exchange Commission, is most likely because AURORA did not lose it.

684.         This issue of a lost NOTE was addressed by Florida's Fourth District

Court of Appeal in **State Street Bank and Trust Co. v. Lord**, where the court held

that the right to enforce a lost instrument is not properly assigned where neither

Assignee nor its predecessor in interest possessed the note and did not otherwise satisfy

the requirements of section §673.3091, Fla. Stat., 851 So.2d 790 (Fla. 4th DCA 2003);

685.         The predecessor Entities in this case are LEHMAN BROTHERS BANK

FSB, LEHMAN BROTHERS HOLDING INC and STRUCTURED ASSET

SECURITIES CORPORATION are all in *custodia legis,* at all times relevant herein;

686.         Bankruptcy's Judicial Trustee is presumptively in possession of LEHMAN

BROTHERS BANK FSB, LEHMAN BROTHERS HOLDING INC and

STRUCTURED ASSET SECURITIES CORPORATION's estate at all time relevant

and would be the predecessor in interest; however,

687.         Defendant AURORA, May 15th 2009, Case NO. 09-CA-017057, COUNT

I, paragraph 5; *"The Plaintiff* (AURORA) *owns and holds the Note and Mortgage."*

(emphasis added), is an Act of Intrinsic Fraud, fraudulent factum, *infra;*

**688.**　　　AURORA's Complaint, May 15th 2009,  avers in COUNT III, *"the*

*Plaintiff  was in possession of the Note and Mortgage and was entitled to enforce*

*THEM when the loss of possession occurred"*

**689.**　　　Petitioner finds the averment in ¶ 687 and ¶ 688, *supra*, to <u>hold</u> something

which is missing, lost or stolen, incomprehensible; then,

**690.**　　　Assign (sell) June 8th 2009 to Assignee (buyer) the same Mortgage-NOTE

in which three weeks earlier AURORA alleged is lost, stolen or destroyed, did not then

convey anything on that date, or before that date, thus is an illusionary negotiation;

**691.**　　　AURORA recorded said Assignment with the Clerk of the Court, as *prima*

*fascia* evidence to show interest in Petitioner's property, is an Act of Intrinsic Fraud.

**692.**　　　MISTY A. BARNES, Esquire, under the supervision of a corrupt law firm

known as LAW OFFICE OF DAVID J. STERN, P.A., re-presenting AURORA LOAN

SERVICES LLC's position, knows, or should have known, AURORA lacked Standing

on the date of Commencement, because AURORA subsequently Assigned the debt to

itself by fabricating the evidence the law required;

**693.**　　　AURORA intentionally miss-informed the Court it was in possession of

the genuine NOTE and Mortgage prior to filing suit, which subsequently went missing,

was known to be a fraudulent factum at the time said statement was accepted then re-

presented by the LAW OFFICE OF DAVID J. STERN, P.A .

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT

of AURORA, MERSCORP, MERS®, MISTY A. BARNES, Esquire, LAW OFFICE

OF DAVID J. STERN, P.A.,  jointly, or severally for Intrinsic Fraud, Fraud Upon the

Court in Case NO. 09-CA-017057; finding in the Affirmative, in whole or part,

disgorge these Defendant's of all ill-gotten-gain whereby AURORA has taken property

from Borrower, or is attempting to take property from a Borrower evidenced by an

Assignment from MERS® as Nominee for LEHMAN BROTHERS BANK FSB after

September 15th 2008 and up to a year prior, award Borrower the face value of the

NOTE in treble, or / and award Borrower actual damages, compensatory damages,

general damages, or / and punitive damages; Order AURORA to return all the rent

payments collected to Donor, or Heir of the estate, with costs and fees, in an amount

Trier of fact deems is just and fair, determined at Trial.


## COUNT V.
## <u>INTRINSIC FRAUD</u>

**694.**　　　Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.


**695.**　　　Defendant AURORA, by way of its employee THEODORE SCHULTZ, a

known robo-signer, executed a second colorable Assignment June 8th 2009 allegedly

setover Petitioner's Mortgage **and NOTE** for a second time to AURORA, for

AURORA's benefit, without explanation as to where this second NOTE was acquired,

as MERS® is not a party to Petitioner's Note and the record is barren of any

representation that MERS® had any authority to take any action with respect to a

Mortgage along with a phantom-NOTE; See "Exhibit H," AFTER,

**696.**        AURORA on May 15th 2009 pleads to the Court for *"... action to enforce*

*a lost, destroyed or stolen promissory note and mortgage ...."*

*"the Plaintiff was in possession of the Note and Mortgage and was entitled to*

*enforce THEM when the loss of possession occurred"*

**697.**        It appears from checking the Clerk of the Court's record AURORA

averred it lost the Mortgage-NOTE on or before May 15th 2009 (*lis Pendens*),  but

before the legal formality of the second Assignment occurred, executed by

THEODORE SCHULTZ on June 8th 2009, recorded September 24th 2009; however,

**698.**        the Act of recording an Assignment or transfer with the Registrar of Deeds

is done constructively; as,

**699.**        Act of recording an Assignment is not the actual transfer of property, but

rather is the memorialization of the Act after actual delivery and acceptance has already

occurred in substance.

**700.**　　As a general proposition, evidence of a valid assignment, proof of purchase of the debt or evidence of an effective transfer is required to prove that a party validly holds the NOTE and Mortgage it seeks to foreclose. **See Booker v. Sarasota, Inc., 707 So. 2d 886, 889 (Fla. 1st DCA 1998)**.

**701.**　　AURORA comes into Court claiming to be the "Owner and Holder" of Petitioner's NOTE and Mortgage by fabricating a (second) Assignment in order to show an interest in Petitioner's property, or an other American similarly situated, is an Act, or Acts of Intrinsic Fraud, done knowingly, intentionally with malice of forethought; as,

**702.**　　Fabrication of a second Assignment executed June 8th 2009 is a Freudian-Admission made by AURORA as to not actually owning Petitioner's debt July 9th 2008 (date of the first Assignment); and,

**703.**　　Defendant AURORA admittedly is not in actual possession of the Mortgage-NOTE May 15th 2009, date of commencement in Case NO. 09-CA-017057.

**704.**　　Petitioner implicates LASALLE BANK NATIONAL ASSOCIATION and U.S. BANCORP as TRUSTEE, successor in interest to LASALLE BANK NATIONAL ASSOCIATION for turning a blind eye in tacit Procuration, when it had a duty to speak

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of AURORA, MERSCORP, MERS®, THEODORE SCHULTZ, LEHMAN BROTHERS BANK FSB, LEHMAN BROTHERS HOLDINGS INC, LASALLE

BANK NATIONAL ASSOCIATION, U.S. BANCORP as TRUSTEE, successor in

interest to LASALLE BANK NATIONAL ASSOCIATION jointly, or severally for

Intrinsic Fraud, Fraud Upon the Court in Case NO. 09-CA-017057; finding in the

Affirmative, in whole or part, disgorge these Defendant's of all ill-gotten-gain whereby

AURORA has taken property from Borrower, or is attempting to take property from

Borrower evidenced by an Assignment from MERS® as Nominee for LEHMAN

BROTHERS BANK FSB after September 15th 2008 and up to a year prior, include

Borrowers who are similarly situated; award Borrower the face value of the NOTE in

treble, or / and award Borrower actual damages, compensatory damages, general

damages, or / and punitive damages; Order AURORA to return all the rent payments

collected to Donor, or Heir of the estate, with costs and fees, in an amount Trier of fact

deems is just and fair, determined at Trial.


## COUNT VI.
## INTRINSIC FRAUD

**705.**       Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

706.        Defendant AURORA commenced a legal Action against Petitioner May 15th 2009, Case NO. 09-CA-017057, in its own name, for its own benefit, appearing as the Real-Party-in-Interest, Holder-in-Due-Course, precedent to an Assignment of Petitioner's NOTE and Mortgage from MERS® acting in the capacity as nominee of LEHMAN BROTHERS BANK FSB; however,

707.        Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA knows, as Servicer of said debt, the monthly mortgage-payment received from Petitioner, paid out by AURORA, is paid out to an Entity other than LEHMAN BROTHERS BANK FSB; because,

708.        LEHMAN BROTHERS BANK FSB Holds no legal nor equitable interest in Petitioner's Mortgage-NOTE, other than in name only; wherein fact,

709.        Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA knows it is merely the Servicer of this alleged debt in question; see communication dated March 24th 2010, from Kahrl Wutscher LLP, "Exhibit I," hereto attached; wherein,

710.        Kahrl Wutscher LLP identifies itself as a law Firm representing to represent Defendant AURORA, *ergo* representing the occupant of the Office of CEO and PRESIDENT of AURORA;

711.     Kahrl Wutscher LLP discloses in this communication, in part, the

following;

> *"Aurora has the right to enforce the Note evidencing the debt,*
> *and has the right to receive payment of the debt for*
> *and on behalf of the owner of the debt."*
>
> *"The name of the current owner of the debt is:*
> *LEHMAN BROTHERS HOLDINGS INC.*
> *745 Seventh Ave., 7th Floor, New York, NY 10019."*
>
> *"… please note that Aurora is only the servicer of the subject loan"*

712.     AURORA freely admits privately, by way of one of its legal representatives

on March 24th 2010, AURORA is the Servicer, and that it knows the Real-Party-in-

Interest [sic]  is LEHMAN BROTHERS HOLDINGS INC, a non-party in Case NO. 09-

CA-017057; whereby,

713.     Petitioner's understanding as to the legal definition of what a "real party in

interest" is, is;

     a) the party with the legal right to bring suit, and

     b) a party who is not seeking to assert another party's rights. see **Woodberry, 383**

**B.R. 373 (Bankr. D.S.C. 2008);**

714.     Predicated on the preceding paragraph, ¶713, AURORA admits privately as

to not being the proper party Plaintiff in Case NO. 09-CA-017057; however,

715.     AURORA has continued to pretend to be the Real-Party-in-Interest up until

the case was conditionally Dismissed March 1st 2012; furthermore,

716.     LEHMAN BROTHERS HOLDINGS INC is the Entity which exercises

control over AURORA under the TRUST AGREEMENT, and SERVICING

AGREEMENT, at all times relevant herein; furthermore,

717.     AURORA was a wholly owned subsidiary of LEHMAN BROTHERS

BANK FSB, the child of LEHMAN BROTHERS HOLDINGS INC.

718.     Kahrl Wutscher LLP, communication dated September 1st 2010, see

"Exhibit O," again confirms LEHMAN BROTHERS HOLDINGS INC is the alleged

owner of Petitioner's debt; see **Fina Supply, Inc. v. Abilene Nat. Bank,** 726 S.W.2d

**537, (1987)**; whereby,

719.     AURORA knowingly and intentionally miss-informed the court it

a) is the party with the legal right to bring suit, and

b) is not seeking to assert another party's rights, has Standing to Foreclose, is an act of

Intrinsic Fraud, done knowingly, or should have known; furthermore,

720.     Petitioner implicates LASALLE BANK NATIONAL ASSOCIATION and

U.S. BANCORP as TRUSTEE, successor in interest to LASALLE BANK NATIONAL

ASSOCIATION for turning a blind eye in tacit Procuration, when it had a duty to speak.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of

AURORA, MERSCORP, MERS®, THEODORE SCHULTZ, LEHMAN BROTHERS

BANK FSB, LEHMAN BROTHERS HOLDINGS INC, LASALLE BANK NATIONAL

ASSOCIATION, U.S. BANCORP as TRUSTEE, successor in interest to LASALLE

BANK NATIONAL ASSOCIATION jointly, or severally for Intrinsic Fraud, Fraud

Upon the Court in Case NO. 09-CA-017057; finding in the Affirmative, in whole or part,

disgorge these Defendant's of all ill-gotten-gain whereby AURORA has taken property

from Borrower, or is attempting to take property from Borrower evidenced by an

Assignment from MERS® as Nominee for LEHMAN BROTHERS BANK FSB after

September 15th 2008 and up to a year prior; award Borrower the face value of the NOTE

in treble, or / and award Borrower actual damages, compensatory damages, general

damages, or / and punitive damages; Order AURORA to return all the rent payments

collected to Donor, or Heir of the estate, with costs and fees, in an amount Trier of fact

deems is just and fair, determined at Trial.


## COUNT VII.
## INTRINSIC FRAUD


**721.**        Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

722.        The occupant of Office of CEO and PRESIDENT of AURORA knew, or should have known the Assignment executed by its employee, THEODOR SCHULTZ wearing a MERS® hat, is a Fraudulent Conveyance done in Form only, or Fraudulent Transfer done in Form only, done awhile Assignor is under Bankruptcy protection §726.105(2)(i); as such,

723.        Fraudulent Transfer awhile Assignor is under Bankruptcy protection is viewed as Contempt against the back-drop of a Bankruptcy proceeding; but,

724.        on the other hand it really never happened, considering AURORA's claim to a lost, stolen or destroyed Mortgage-NOTE, before the Mortgage was Assigned, *ergo* the NOTE could not be conveyed (June 8th 2009) if it is known to be missing (May 15th 2009), and presumptively the Original NOTE was never in the hands of AURORA;

725.        Defendant AURORA is an insider, in Privity with Assignor §726.105(2)(a);

726.        Defendant AURORA allegedly paid MERS® Ten ($10.00) for the NOTE, an amount far from representing true market value, paid to someone other than the Principal;

727.        Defendant AURORA allegedly paid MERS® Ten ($10.00) for the NOTE done without Judicial Review §726.105(1)(b); and

728.        Defendant AURORA allegedly paid MERS® Ten ($10.00) for the NOTE, MERS® assigned the NOTE without legal right, title, or interest in the NOTE;

729.        Defendant AURORA allegedly paid MERS® Ten ($10.00) for the Mortgage whereby MERS® assigned the Mortgage without Power-of-Attorney to do so;

730.        Defendant AURORA is not Holder-in-Due-Course as AURORA did not buy

Petitioner's debt for value in good faith §726.105(1)(b); as,

731.        Defendant AURORA *et al.*, knew before the Assignment was executed

LEHMAN BROTHERS BANK FSB did not own the debt;

732.        Defendant AURORA *et al.*, knew before the Assignment was executed that

MERS® did not own the debt.

733.        Defendant AURORA knew before the Assignment was executed there was

an uncured default; see § 673.3021(b)3, *ergo* taking it subject to all claims and defenses.

734.        Petitioner maintains the Exhibit AURORA holds, which AURORA averred

as being a copy of Petitioner's genuine NOTE is a forgery; see § 673.3021(1)(a);

735.        MERS® *et al.,* knowingly and intentionally Assigned Petitioner's alleged

debt without the true Owner's knowledge, consent, or written authorization, is Collateral

Fraud, done by MERS® with the imputed knowledge of MERSCORP *et al.,* as an

ongoing generally accepted daily business practice.

736.        Defendant AURORA comes into Court acting like the Real-Party-in-

Interest, Holder-in-Due Course, evidence in hand, a copy of a copy of a NOTE, which

reads top right hand corner; "I HEREBY CERFIFY THIS TO BE A TRUE AND

EXACT COPY OF THE ORIGINAL" which contains two pages numbered three (3), one

with Indorsement and one without, is a forged document, intended to trick the Court into

believing AURORA has Standing, where there is none.

737.     Defendant AURORA knowing it lacked Standing on the date of commencement in Case NO. 09-CA-017057 fabricated an Assignment out of whole-cloth, done with dolus against this Petitioner, and AURORA acts in a like manner with other Americans similarly situated; however,

738.     also done with dolus against the justice system, as a Fraud-Upon-the-Court, done knowingly, and is in part AURORA's on-going corrupt business plan, acquire cheap real-estate for pennies on the dollar (cost of litigation), potentially displacing Petitioner and others similarly situated, employing the Court system to facilitate this ill-gotten-gain;

739.     which creates and presents a substantial and specific danger to the public's health, safety, or welfare for over ninety percent (90%) of Americans forced into foreclosure by the Servicer AURORA, who are either un-represented, under-represented, or chose to abandon their property due to AURORA's Superior-Knowledge and funding, *ergo* AURORA and Banking type Institutions like LEHMAN BROTHERS BANK FSB are preying upon the weak and un-informed.

**740.     AURORA is committing, or has committed an Act, or Acts of Intrinsic Fraud in each Foreclosure Action wherein LEHMAN BROTHERS BANK FSB is the Original Lender, AURORA is Servicer, and thereafter AURORA commences a Foreclosure Action in its own name for its own benefit, appears as Creditor, Plaintiff or Mortgagee of record, after September 15th 2008.**

**741.**      Petitioner implicates LASALLE BANK NATIONAL ASSOCIATION and

U.S. BANCORP as TRUSTEE, successor in interest to LASALLE BANK NATIONAL

ASSOCIATION for turning a blind eye in tacit Procuration, when it has a duty to speak.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT

of AURORA, MERSCORP, MERS®, THEODORE SCHULTZ, LEHMAN

BROTHERS BANK FSB, LEHMAN BROTHERS HOLDINGS INC, LASALLE

BANK NATIONAL ASSOCIATION, U.S. BANCORP as TRUSTEE, successor in

interest to LASALLE BANK NATIONAL ASSOCIATION, MISTY A. BARNES,

Esquire, and the LAW OFFICE OF DAVID J. STERN, P.A., jointly, or severally for

Intrinsic Fraud, Fraud Upon the Court in Case NO. 09-CA-017057; finding in the

Affirmative, in whole or part, disgorge these Defendant's of all ill-gotten-gain whereby

AURORA has taken property from Borrower, or is attempting to take property from

Borrower evidenced by an Assignment from MERS® as Nominee for LEHMAN

BROTHERS BANK FSB after September 15th 2008 and up to a year prior; including

Borrowers similarly situated, award Borrower face value of the NOTE in treble, or / and

award Borrower actual damages, compensatory damages, general damages, or / and

punitive damages; Order AURORA to return all the rent payments collected to Donor,

or Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and

fair, determined at Trial.

## COUNT VIII.
## JUDICIAL ESTOPPEL

**742.**      Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**743.**      Defendant AURORA making an offer (October 19th 2010), to Modify

Petitioner's Mortgage-Loan <u>as the Servicer of this alleged debt</u> on behalf of an

unidentified Principal was done AFTER,

**744.**      Defendant AURORA filed an Action (May 2009) in which to foreclose on

Petitioner's property appearing as the Real-Party-in-Interest is Perjury by Inconsistent

Statement, *ergo* Judicial Estoppel in Case NO. 09-CA-017057.

**745.**      AURORA's entire Action against this Petitioner in Case NO. 09-CA-

017057 is predicated upon an illusionary conveyance from MERS®, fabricated from

whole-cloth for purposes of litigation, and to misdirect the Court;

**746.**      illusionary conveyance from MERS® was fabricated from whole-cloth to

trick the Court into acting upon a legal [sic] looking document, but fraudulent in nature,

executed under seal, deception done knowingly, intentionally, as part of an ongoing

corrupt business practice, done with dolus, to achieve a desired outcome, in part, to

illegally tip the scales of justice in favor of Defendant AURORA *et al.*; which,

**747.**         creates and presents a substantial and specific danger to the public's health,

safety or welfare for over ninety percent (90%) of Americans forced into foreclosure by

the Servicer AURORA, who are either un-represented, under-represented, or chose to

abandon their property due to AURORA's Superior-Knowledge and funding, *ergo*

AURORA and other Banking Institutions like LEHMAN BROTHERS BANK FSB are

preying upon the weak and un-informed.


**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against Defendant AURORA, and the occupant of the Office of CEO and

PRESIDENT of AURORA, MERSCORP, MERS®, jointly or severally for Intrinsic

Fraud, resulting in Judicial Estoppel in favor of Petitioner and all Borrowers similarly

situated; finding in the Affirmative, in whole or part, award Borrower face value of the

NOTE in treble, or / and award Borrower actual damages, compensatory damages,

general damages, or / and punitive damages, Order AURORA to return all the rent

payments collected to Donor, or Heir of the estate, with costs and fees, in an amount

Trier of fact deems is just and fair, determined at Trial.

**COUNT IX.**
**INTRINSIC FRAUD**

**748.**         Petitioner re-alleges and affirms ¶ 563 through and including ¶ 608 of this

Complaint and incorporate same here as if alleged anew.

**749.**       Defendant AURORA making an offer, dated October 19th 2010, to Modify

Petitioner's Mortgage-Loan <u>as the Servicer of this alleged debt</u> on behalf of an

unidentified Principal was done AFTER,

**750.**       Defendant AURORA filed an Action May 2009 in which to foreclose on

Petitioner's property appearing as the Real-Party-in-Interest is Perjury by inconsistent

statement, resulting in an Act of Intrinsic Fraud upon the Court, against Petitioner.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against Defendant AURORA, and the occupant of the Office of CEO and

PRESIDENT of AURORA, MERSCORP, MERS®, jointly or severally for Intrinsic

Fraud, resulting in Fraud upon the Court directed against Petitioner; finding in the

Affirmative, in whole or part, award Petitioner face value of the NOTE in treble, or /

and award Petitioner actual damages, compensatory damages, general damages, or / and

punitive damages, Order AURORA to return all the rent payments collected to Donor,

or Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and

fair, determined at Trial.

## COUNT X.
## <u>UTTERING</u>

**751.**       Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

752.        Defendant LEHMAN BROTHERS BANK FSB filed for Bankruptcy

protection September 15th 2008, insolvent two months after this alleged debt was first

Assigned, July 9th 2008, for the sum of Ten ($10.00), for a valuable asset worth sixty

five thousand times Ten ($10.00), without lifting the automatic Stay, is a Fraudulent

Conveyance, or Fraudulent Transfer, thus, said negotiation is void, *ab initio,* see Title

XLI   ss.   726.101-726.112.

753.        Florida State Statute 726.101 may be cited as "Uniform Fraudulent

Transfer Act"

754.        Petitioner points to 726.106 (1) Fla. Stat., each condition precedent to a

finding of Fraudulent Transfer is present in Case NO. 07-80998-CIV-RYSKAMP /

VITUNAC; except,

755.        Defendant LEHMAN BROTHERS BANK FSB did not Own nor possess

the documents alleged transferred or assigned;

756.        ASSOCIATES LAND TITLE, INC handled the Closing documents for a

party yet to be discovered, but is someone, or some entity other than LEHMAN

BROTHERS BANK FSB, considering the "sold forward contract," *supra*;

757.        Fraudulent Transfer was done constructively, without substance;

758.        The Securities and Exchange Commission documents articulate the

negotiation between the parties following this link below, is a matter of public record;

759.      http://www.sec.gov/cgi-bin/browse-edgar?company=
          Lehman+XS+Trust+200611 &match=&CIK=&filenum
          =&State=&Country=&SIC=&owner=exclude&Find=Find
          +Companies&action=getcompany

760.      Transfer of Petitioner's debt from LEHMAN BROTHERS BANK FSB

setover to AURORA is but an illusionary negotiation fabricated from whole cloth, done

for reason of misdirecting the Court; as,

761.      Assignment is used as *prima fascia* evidence in order to show interest in

Petitioner's property, which legally is registered to a non-party;

762.      AURORA fabricated a document under seal which lacks a legal

foundation, said document is titled CORPORATE ASSIGNMENT OF MORTGAGE,

recorded same with the Clerk of the Court and the Public's Registrar of Deeds.

          FRAUDULENT ASSIGNMENT OF MORTGAGE
          A fraudulent assignment of mortgage is an invalid assignment
          that was prepared and/or executed by a natural person who
          knowingly and willfully created the document for use in
          commerce with the knowledge and intention of deceiving or
          defrauding the public or with willful disregard for the truth
          which can form the basis for imputed knowledge.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT

of AURORA, MERS®, MERSCORP, LEHMAN BROTHERS BANK FSB, and

JOANN REIN jointly, or severally for Uttering, with imputed knowledge of the

occupant of the Office of CEO and PRESIDENT of AURORA, and with imputed

knowledge of MERSCORP; award Borrower face value of the NOTE in treble, or / and

actual damages, compensatory damages, general damages, or / and punitive damages;

disgorge these Defendant's of all ill-gotten-gain whereby AURORA has taken property

from Borrower, or is attempting to do so against Borrowers similarly situated,

evidenced by an Assignment from MERS® as Nominee for LEHMAN BROTHERS

BANK FSB after September 15th 2008 and up to a year prior; Order AURORA to return

all the rent payments collected to Donor, or Heir of the estate, with costs and fees, in an

amount Trier of fact deems is just and fair, determined at Trial.

## COUNT XI.
## UTTERING

**763.**        Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**764.**        Defendant LEHMAN BROTHERS BANK FSB is under Bankruptcy

protection as of September 15th 2008, insolvent during the time this second debt was

allegedly negotiated, June 8th 2009;

765.     Defendant AURORA paid [sic] the sum of Ten ($10.00) for a valuable

asset worth sixty five thousand times Ten ($10.00), without lifting the automatic Stay,

is a Fraudulent Conveyance, or Fraudulent Transfer, thus said negotiation is void, *ab*

*initio*.

766.     Petitioner points to 726.106 (1) Fla. Stat., each condition precedent to a

finding of Fraudulent Transfer is present in Case NO. 09-CA-017057; except,

767.     Defendant LEHMAN BROTHERS BANK FSB did not own nor possess

the documents alleged transferred or assigned;

768.     Fraudulent Transfer was done in Form only, not in substance;

769.     Fraudulent Assignment / Transfer is but an illusion fabricated from whole

cloth by AURORA *et al.*, knew, or should have known, Assignment lacked a legal

foundation, document titled <u>CORPORATE ASSIGNMENT OF MORTGAGE</u>.


            FRAUDULENT ASSIGNMENT OF MORTGAGE;
            A fraudulent assignment of mortgage is an invalid assignment
            that was prepared and/or executed by a natural person who
            knowingly and willfully created the document for use in
            commerce with the knowledge and intention of deceiving or
            defrauding the public or with willful disregard for the truth
            which can form the basis for imputed knowledge.


**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT

of AURORA, MERSCORP, MERS®, LEHMAN BROTHERS BANK FSB, and

THEODORE SCHULTZ jointly or severally for Uttering with imputed knowledge of

the occupant of the Office of CEO and PRESIDENT of AURORA, and with imputed

knowledge of MERSCORP; finding in the Affirmative, in whole or part, award

Petitioner face value of the NOTE in treble, or / and actual damages, compensatory

damages, general damages, or / and punitive damages; disgorge these Defendant's of all

ill-gotten-gain whereby AURORA has taken property from Borrower, or is attempting

to take property from Borrower evidenced by an Assignment from MERS® as Nominee

for LEHMAN BROTHERS BANK FSB after September 15th 2008 and up to a year

prior, include Borrower who is similarly situated; Order AURORA to return all the rent

payments collected to Donor, or Heir of the estate, with costs and fees, in an amount

Trier of fact deems is just and fair, determined at Trial.

## COUNT XII.
## CIVIL CONSPIRACY TO COMMIT LARCENY

**770.**       Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

771.        Defendant AURORA in reference to its relationship with this Petitioner is that between the Maker and a Third-Party-Debt-Collector, under the financial over-sight of the occupant of the Office of CEO and PRESIDENT of AURORA, who knows or should know, Petitioner's NOTE in question is legally unattainable by AURORA, based on Premises Considered and the fact said Mortgage-NOTE is held as a collateralized interest within a REMIC, hypothecated to the DTC;

772.        Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA is using Superior-Knowledge to take advantage of Petitioner's ignorance of the financial matrix involved within the Mortgage, devised a scheme to cheat Borrower of property, and others similarly situated, by constructive misrepresentation;

773.        Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA is using Superior-Knowledge to take advantage of the Court system by subterfuge (MERS® – fabricated Assignments) to cheat Petitioner of property, and others similarly situated, by constructive misrepresentation;

774.        Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA is in Privity with all Party signatories to the Verified Controlling-Documents filed with the Securities and Exchange Commission, knows, or should have known, Petitioner's Promissory-NOTE is registered in the care custody and control of a REMIC;

775.        Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA make cash flow payments to said REMIC monthly (directly, or indirectly byway of LEHMAN BROTHERS HOLDINGS INC, or STRUCTURED ASSET SECURITIES CORPORATION, as intermediary);

776.        Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA knows or should know AURORA does not disburse monthly cash flow payments to LEHMAN BROTHERS BANK FSB as LEHMAN BROTHERS BANK FSB's debt has been discharged;

777.        Petitioner does not owe any money to LEHMAN BROTHERS BANK FSB, and AURORA knows this to be true, therefore has refused to validate said debt, after receipt of written request to do so; subsequently,

778.        AURORA's refused to display the Original NOTE when requested to do so, under U.C.C. 3-501, subsequently Petitioner discontinued payment, without dishonor.

779.        All parties to the Controlling-Documents are Bankrupt or in reorganization, and should LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11 ever become insolvent, liquidate in whole or part then AURORA or its Parent will retain the wind-fall, foreclosed property and alike, not by negotiation, but by last man standing using a constructive deception against the Borrower and the American justice system;