**780.**      Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA knows, or should know, REMIC is a Phantom-Entity, a foreign (New York) Unregistered Investment Company at all times relevant;

**781.**      Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA knows, or should know, REMIC as an Unregistered Investment Company is precluded from conducting any type of business (buying, selling, trading or modifying Mortgages), but may liquidate its holdings in the normal course of business, (i.e. by divesting itself of an insured defaulted Mortgage-NOTE, for lets say Ten ($10.00)).

**782.**      Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA knows or should know looking at the NOTE, LEHMAN BROTHERS HOLDINGS INC is the last known Holder-in-Due-Course of Petitioner's Promissory-NOTE, by Special-Indorsement; comes now,

**783.**      AURORA's authorized agent Kahrl Wutscher LLP, a law Firm, (miss-)informing Petitioner now *"... the current owner of the debt is: LEHMAN BROTHERS HOLDINGS INC."* (Extrinsic Fraud and Mail Fraud)

**784.**      Defendants AURORA, and LEHMAN BROTHERS HOLDINGS INC are in Privity under the TRUST AGREEMENT; and,

**785.**      Defendants AURORA, and LEHMAN BROTHERS HOLDINGS INC are in Privity under the SERVICING AGREEMENT; and,

786.      Defendant AURORA was a wholly owned subsidiary of LEHMAN BROTHERS BANK FSB, the child to LEHMAN BROTHERS HOLDINGS INC.

787.      Servicing-Rights held by AURORA is controlled by LEHMAN BROTHERS HOLDINGS INC, as of November 15th 2006, this information is not disclosed in the NOTICE OF ASSIGNMENT SALE OR TRANSFER OF SERVICING RIGHTS "Exhibit F" but found reading the SERVICING AGREEMENT, filed with the Securities and Exchange Commission;

788.      Defendant LEHMAN BROTHERS HOLDINGS INC did not inform Petitioner of a change of Creditor as required under Florida law § **559.715**;

789.      Defendant LEHMAN BROTHERS BANK FSB is a Strawman, Nominal-Lender in name only, *ab initio*;

790.      Defendant STRUCTURED ASSET SECURITIES CORPORATION did acquire Trust-Certificates in exchange for Petitioner's Wet-Mortgage-Loan; however,

791.      Defendant STRUCTURED ASSET SECURITIES CORPORATION did not convey Petitioner's NOTE to the Trust, as required; because,

792.      Defendant STRUCTURED ASSET SECURITIES CORPORATION, the securitization arm of LEHMAN BROTHERS HOLDINGS INC, did not receive Petitioner's Closing-Documents from its Parent;

793.     Defendant LEHMAN BROTHERS HOLDINGS INC may still be in possession of Petitioner's NOTE, but is not the person entitled to enforce the NOTE. See UCC §§ 3-306 and 9-315(a)(2).

794.     Defendant STRUCTURED ASSET SECURITIES CORPORATION petitioned for Bankruptcy protection February 9, 2009.

795.     Signatories to the Controlling-Documents in relation to this Foreign-Unregistered-Investment-Company, titled LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11 are all bankrupt, except AURORA, the Servicer, with Superior-Knowledge knows this to be true.

796.     Defendants AURORA and the occupant of the Office of CEO and PRESIDENT of AURORA using Superior-Knowledge have devised a scheme whereby AURORA can accumulate real-estate, legally registered to a Non-Party-Beneficiary (i.e. Trust-Certificate-Holder, by and through the DTC), whereby AURORA knows said Non-Party-Beneficiary lacks the legal capacity to make a Claim; as,

797.     Trust-Certificate-Holder's rights is analogous to purchasing oranges (Trust-Certificates) from the supermarket (DTC), does not give the consumer (Trust-Certificate-Holder) any rights to the orange tree (NOTEs); see "Exhibit Q" hereto attached; also,

798.     Non-Party-Beneficiary, Trust-Certificate-Holder, lacks the legal capacity to Assign / Convey / Modify Petitioner's NOTE; see "Exhibit Q" hereto attached; or,

799.      Trust a/k/a REMIC no longer exists; so,

800.      Defendant AURORA makes a Claim knowing there can not be a

competing Claim.

801.      Defendant, the occupant of the Office of CEO and PRESIDENT of

AURORA using Superior-Knowledge has devised a scheme whereby AURORA can

accumulate real-estate, situated like Petitioner's and other Americans similarly situated,

in which AURORA has no legal or equitable interest, other than the Servicing rights of

said debt, now will become the Beneficiary to said debt by a constructive deception.

802.      Petitioner holds indisputable Verified evidence showing Petitioner's

NOTE was negotiated numerous times, by various parties and the only mention of

AURORA in these Controlling-Documents is in context of a Servicer of this alleged

debt; until,

803.      Defendants THEODORE SCHULTZ, and JOANN REIN, employees of

AURORA and alleged Certifying Officers of MERS®, nominee of LEHMAN

BROTHERS BANK FSB as Assignor, colorably Assigned Petitioner's debt to AURORA

constructively, did do so twice;

804.      THEODORE SCHULTZ and JOANN REIN both acted outside of their

authorized capacity, did so severally, did do so in an attempt to commit separate acts of

Larceny against Petitioner;

**805.**       THEODORE SCHULTZ and JOANN REIN fabricated colorable legal looking documents, *ergo,* intentionally misdirected the justice system in order to facilitate ill-gotten-gain;

**806.**       Defendants THEODORE SCHULTZ or JOANN REIN, alleged Certifying Officers of MERS® colorably assigned Petitioner's debt to AURORA without explanation as to where, when or who they acquired said debt from, as MERS® is not a party to Petitioner's Note and the record is barren of any representation that MERS® had any authority to take any action with respect to Petitioner's Note[s].

**807.**       Defendant MERS® or MERSCORP have been in the private registration business actively since 1995 recording negotiated Titles between it's Members; and,

**808.**       Defendant AURORA in the Servicing business since 1997, *ergo* Petitioner finds it hard to believe these Defendants MERS®, MERSCORP or AURORA *et al.,* transferred a phantom NOTE by mistake, twice, or that these types of incidents are not the norm, ***modus operandi***; as,

**809.**       MERSCORP knows MERS® can not setover a beneficial interest in the State of Florida, but continues to do so as seen herein, intentionally ignoring all Florida case law on this subject matter, and is just as applicable in many other judicial states;

**810.**       The Supreme Court found that the Petitioner in a civil R.I.C.O. action need establish only a criminal "violation" and not a criminal conviction; further,

811.     The Supreme Court held that the Defendant need only have caused harm to the Petitioner, and other Americans similarly situated by the commission of a predicate offense in such a way as to constitute a "***pattern of Racketeering activity***."

812.     That is, the Petitioner or other Americans similarly situated need not demonstrate that the Defendant is an organized crime figure, a mobster in the popular sense, or that the injured party suffered some type of special Racketeering injury;

813.     all that the injured party must show is what the Statute specifically requires. The R.I.C.O. Statute and the civil remedies for its violation are to be liberally construed to affect the congressional purpose as broadly formulated in the Statute.

**Sedima, SPRL v. Imrex Co., 473 US 479 (1985).**

814.     Defendants THEODORE SCHULTZ or JOANN REIN, alleged Certifying Officers of MERS® colorably assigned Petitioner's Mortgage-NOTE without the legal capacity to do so; did do so two years after,

815.     Defendant LEHMAN BROTHERS BANK FSB by Special-Indorsement negotiated Petitioner's Wet-Promissory-NOTE, with all its right, title and interest therein to LEHMAN BROTHERS HOLDINGS INC, as a true sale;

816.     Defendant, the occupant of the Office of CEO and PRESIDENT of AURORA knows Petitioner's monthly Mortgage payments received by AURORA, paid out by AURORA, is not paid out to LEHMAN BROTHERS BANK FSB; *ergo,*

817.     occupant of the Office of CEO and PRESIDENT of AURORA knows

LEHMAN BROTHERS BANK FSB hold neither lawful, legal nor equitable interest in

said debt, and perhaps the debt of other Americans similarly situated;

**818.**     Defendant AURORA *et al.*, is attempting to permanently deprive

Petitioner of property, by constructing a Fraud, an illegal taking, for its own use and

benefit, done knowingly and is an ongoing corrupt business practice, done in the normal

course of its everyday business practices;

**819.**     Defendants AURORA, and the occupant of the Office of CEO and

PRESIDENT of AURORA, MERSCORP, MERS®, LEHMAN BROTHERS BANK

FSB, LEHMAN BROTHERS HOLDINGS INC, THEODORE SCHULTZ, and

JOANN REIN have jointly conspired with each other in whole or part to commit

Larceny, by fabricating evidence to make AURORA appear as the Real-Party-in-

Interest / Holder-in-Due-Course, when they knew, or should have known, AURORA

was never the Real-Party-in-Interest, as there is no credible evidence to the contrary.

**820.**     DEFENDANT *et al.,* all stand-by and know, Petitioner's foreclosure, and

other Americans similarly situated are fraudulent in their nature, *supra*, but stand silent

in condolence, over a system in their care custody and control, under the corporate veil

of MERSCORP, which DEFENDANT either created, support financially or employ,

thus making DEFENDANT co-conspirator, liable as a facilitator of said Fraudulent

behavior, facilitator of Larceny on a grand scale.

**821.**       Defendants AURORA or the occupant of the Office of CEO and

PRESIDENT of AURORA is employing the artifice of MERS®, their employees mixed

with Superior-Knowledge to manipulate the Court system, using in-house (out-sourced)

fabricated *prima fascia* evidence to acquire ill-gotten-gain; which,

**822.**       creates and presents a substantial and specific danger to the public's health,

safety, or welfare of over ninety percent (90%) of Americans forced into foreclosure by

the Servicer AURORA, Americans who are un-represented, under-represented, or chose

to abandon their property due to AURORA's Superior-Knowledge and funding, *ergo*

AURORA and alike Banking Institutions like LEHMAN BROTHERS BANK FSB is

preying upon the weak and un-informed; therefore,

**823.**       Petitioner implicates U.S. BANK CORP as TRUSTEE, successor in

interest to LASALLE BANK NATIONAL ASSOCIATION, for turning a blind eye

toward the Fraud by tacit Procuration, when it has a duty to speak.


**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against DEFENDANT, AURORA with the imputed knowledge of the

occupant of the Office of CEO and PRESIDENT of AURORA, with the imputed

knowledge of MERSCORP, MERS®, LEHMAN BROTHERS BANK FSB,

THEODORE SCHULTZ, JOANN REIN and U.S. BANK CORP as TRUSTEE,

successor in interest to LASALLE BANK NATIONAL ASSOCIATION jointly or

severally for Civil Conspiracy, to commit Grand Larceny of over Three-Hundred ($300.00); finding in the Affirmative, in whole or part, disgorge these DEFENDANT's of all ill-gotten-gain whereby AURORA has taken property from Borrower evidenced by an Assignment from MERS® as Nominee for LEHMAN BROTHERS BANK FSB after September 15th 2008 and up to a year prior, include Borrower who is similarly situated; award Borrower damages, along with costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

## COUNT XIII.
## DOUBLE DIPPING OR STELLIONATE

**824.**     Petitioner re-alleges and affirms each and every preceding paragraph of this Complaint and incorporate same here as if alleged anew.

**825.**     Defendants AURORA and the occupant of the Office of CEO and PRESIDENT of AURORA, MERSCORP, MERS®, LEHMAN BROTHERS BANK FSB, know, or should know, pursuant to the Controlling-Documents Petitioner's Mortgage-NOTE, and others similarly situated, Registered-Holder is LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11, held as collateralized interest in Mortgage Backed Securities; whereby,

**826.**     Defendant STRUCTURED ASSET SECURITIES CORPORATION constructively hypothecated Petitioner's debt, and others similarly situated, in consideration for Trust-Certificates, sold by and through the DTC to investors; but,

827.        Defendant STRUCTURED ASSET SECURITIES CORPORATION did not deliver Petitioner's Closing-Documents, and some of the others similarly situated to the Trustee of LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11, pursuant to a "Screen-Shot" of the Trust, discovered by Petitioner, held in Petitioner's care custody and control; as,

828.        Screen-Shot reveals Defendant LEHMAN BROTHERS HOLDINGS INC did not deliver Petitioner's Closing-Documents, and some others similarly situated, to STRUCTURED ASSET SECURITIES CORPORATION, presumptively, or at least Petitioner could not find any evidence to the contrary;

829.        Defendant LEHMAN BROTHERS BANK FSB as "Originator," LEHMAN BROTHERS HOLDINGS INC as "Seller, or Sponsor" under the TRUST AGREEMENT, did constructively setover Petitioner's NOTE, and the NOTEs of others similarly situated as a true sale, with all of Seller's right, title and interest thereto STRUCTURED ASSET SECURITIES CORPORATION July 2006; thereafter,

830.        STRUCTURED ASSET SECURITIES CORPORATION in exchange for DTC held Trust-Certificates was to deliver Petitioner's Mortgage-Loan-files, and the NOTEs of others similarly situated, to LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11's Trustee, in trust for the Trust-Certificate-Holder, held in the name of CEDE & Co as Nominee for the DTC;

831.     Verified Controlling-Documents filed with the Securities and Exchange Commission makes it clear LEHMAN BROTHERS BANK FSB, LEHMAN BROTHERS HOLDINGS INC and STRUCTURED ASSET SECURITIES CORPORATION constructively sold, as a true sale, all right, title and interest once held to a third party; and,

832.     any attempt by either LEHMAN BROTHERS BANK FSB, LEHMAN BROTHERS HOLDINGS INC or STRUCTURED ASSET SECURITIES CORPORATION to collect on this alleged debt, in reference to Petitioner's Mortgage-NOTE, and others similarly situated a second time is Double-Dipping, or Stellionation.

833.     AURORA (Servicer) appearing in Court acting as the Real-Party-in-Interest / Holder-in-Due-Course, under corporate control of LEHMAN BROTHERS HOLDINGS INC, (original Seller, or Sponsor), LEHMAN BROTHERS BANK FSB, (original Lender) premises considered, is clearly an attempt at Double-Dipping, or Stellionation.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, the occupant of the Office of CEO and PRESIDENT of AURORA, AURORA BANK FSB, MERSCORP, MERS®, THEODORE SCHULTZ, JOANN REIN, LEHMAN BROTHERS BANK FSB, and LEHMAN BROTHERS HOLDINGS INC for attempted Double-Dipping, or Stellionation; finding in the

Affirmative, in whole or part; award Petitioner, and other Americans similarly situated

special damages, Order AURORA to return all the rent payments collected to Donor, or

Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and fair,

determined at Trial.

**COUNT XIV.**
**USURY**

**834.**        Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**835.**        Under the legal theory of *lex Anastasiana §369*, AURORA found to be a

Third-Party-Debt-Collector, which it is admittedly, is not entitled to demand nor expect

any more than the consideration paid in exchange for Petitioner's unsecured debt, plus

usual and customary interest;

**836.**        Assignment produced by Defendant AURORA as "Exhibit A" discloses

AURORA, as Assignee allegedly paid *"... the sum of TEN ($10.00) DOLLARS and*

*other good and valuable consideration,"* for Petitioner's unsecured debt, in Case NO.

07-80998-CIV-RYSKAMP / VITUNAC; and then in,

**837.**        Case NO. 09-CA-017057, again allegedly paid *"... the sum of TEN*

*($10.00) DOLLARS and other good and valuable consideration."*

838.        Defendant AURORA demanding more than One-80/100 ($1.80) in interest per year (not knowing what other good and valuable consideration is) is Usurious; see Section 687.03 Fla. Stat.

839.        Defendant AURORA demanding more than Two-50/100 ($2.50) in interest, but less than Four-50/100 ($ 4.50) interest per year (not knowing what other good and valuable consideration is) is Usurious; see Section 687.071 Fla. Stat.;

840.        Defendant AURORA demanding more than Four-50/100 ($ 4.50) in interest per year whether directly or indirectly or conspire so to do, commits a felony of the third degree, punishable as provided in s.775.082, s. 775.083, or s. 775.084;

841.        **687.071 Criminal usury**

(5)  Books of account or other documents recording extensions of credit in violation of subsections (3) or (4) are declared to be contraband, and any person, other than a public officer in the performance of his or her duty, and other than the person charged such usurious interest and person acting on his or her behalf, who shall knowingly and willfully possess or maintain such books of account or other documents, or conspire so to do, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(6)  No person shall be excused from attending and testifying or producing any books, paper, or other document before any court upon any investigation, proceeding, or trial, for any violation of this section upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of the person may tend to convict him or her of a crime or subject the person to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he or she may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against the person upon any criminal investigation or proceeding.

(7)  No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state.

**842.**　　　AURORA appeared in Court seeking to foreclose on what AURORA believes the Court will perceive is a Secured-Debt, face value Six-Hundred-Fifty-Thousand ($650,000.00), or Petitioner shall pay Four-Thousand-Two-Hundred ($4,200.00) per month (approximately), principal and interest, for thirty years, which comes to a sum total of Eight-Hundred-Eighty-Seven-Thousand-Two-Hundred-Eleven 62/100 ($887,211.62) in interest alone (approximately), in exchange for TEN ($10.00) in Federal Reserve Notes, **not DOLLARS as alleged**; however,

**843.**　　　Law dictates Petitioner's alleged debt is unsecured at best, considering AURORA breaking the Chain-of-Title *supra*; see UCC 3-201, 3-204, 3-302 and,

**844.**　　　Petitioner maybe liable to AURORA for Ten ($10.00) ***and other good and valuable consideration,*** (if, it can be shown purchase or transaction actually occurred, not just a mere written recital of same) plus normal and customary interest upon proof of its Claim, which AURORA to date will not produce, or can not produce, after a formal written request to do so.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of AURORA, for conspiring to charge Petitioner a Usurious interest, and other Americans similarly situated, at a rate considered to be greater than twice the Usurious level as permitted by law, whether directly or indirectly conspired so to do, committed a felonious act of the third degree, punishable as provided in s.775.082, s. 775.083, or s. 775.084; finding in the Affirmative, in whole or part, declare Petitioner's debt unenforceable, and the debt of others similarly situated; award Borrower a penalty against AURORA, the sum of double the amount of interest actually reserved or collected, see Section 687.04 Fla. Stat.; Order AURORA to return all the rent payments collected to Donor, or Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

**[Intentionally left blank]**

## COUNT XV.
## CONSTRUCTIVE FRAUD

**845.**       Petitioner re-alleges and affirms each and every preceding paragraph of this Complaint and incorporate same here as if alleged anew.

**846.**       Defendant AURORA alleged it acquired Petitioner's Six-Hundred-Fifty-Thousand ($650,000.00) debt in exchange for Ten ($10.00), less than reasonable equivalent value; see "Exhibit A" attached thereto;

**847.**       Debtor LEHMAN BROTHERS BANK FSB filed for Bankruptcy protection two months after this first aforementioned negotiation allegedly occurred;

**848.**       Defendant LEHMAN BROTHERS BANK FSB at the time of this negotiation is unable to pay its debts, was insolvent but was continuing in operation;

**849.**       Alleged negotiation of Petitioner's NOTE was not made in good faith in the ordinary course of business by parties of independent interests; as,

**850.**       Defendant AURORA is an insider;

**851.**       Defendant, occupant of the Office of CEO and PRESIDENT of AURORA knew, or should have known the Assignment executed by its employee JOANN REIN in exchange for Ten ($10.00), done between two parties that have a special working relationship (employer and employee), is a Constructive Fraud; as,

**852.**       JOANN REIN may not be a Certifying Officer of MERS®, evidenced by the obvious absence of MERS® corporate seal, on the date of execution.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT

of AURORA,  MERSCORP, MERS®, LEHMAN BROTHERS BANK FSB, and

JOANN REIN jointly or severally for Constructive Fraud against Borrower, and other

Americans similarly situated; finding in the Affirmative, in whole or part, award

Petitioner, and the others similarly situated face value of the NOTE in treble, Order

AURORA to return all the rent payments collected to Donor, or Heir of the estate, with

costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

**[Intentionally left blank]**

# COUNT XVI.
## CONSTRUCTIVE FRAUD

**853.**     Petitioner re-alleges and affirms each and every preceding paragraph of this Complaint and incorporate same here as if alleged anew.

**854.**     Defendant AURORA alleged it acquired Petitioner's Six-Hundred-Fifty-Thousand ($650,000.00) debt in exchange for Ten ($10.00), less than reasonable equivalent value; see "Exhibit H";

**855.**     Debtor LEHMAN BROTHERS BANK FSB is in the midst of a Bankruptcy contemporaneously with said negotiation; and,

**856.**     Defendant LEHMAN BROTHERS BANK FSB is insolvent, unable to pay its debts;

**857.**     Alleged transaction was not made in good faith in the ordinary course of business;

**858.**     Alleged transaction was not made in good faith by parties of independent interests; as,

**859.**     Defendant AURORA is an insider;

**860.**     Defendant, occupant of the Office of CEO and PRESIDENT of AURORA knew, or should have known the Assignment executed by its employee, THEODOR SCHULTZ wearing a MERS® hat, for Ten ($10.00), done between two parties that have

a special working relationship (employer and employee), executed contemporaneously amidst a Bankruptcy proceeding against the Assignor, is Constructive Fraud.


**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of AURORA,  MERSCORP, MERS®, LEHMAN BROTHERS BANK FSB, and THEODORE SCHULTZ  jointly or severally for Constructive Fraud against Petitioner, and other Americans similarly situated; finding in the Affirmative, in whole or part, award Petitioner, and others similarly situated face value of the NOTE in treble, Order AURORA to return all the rent payments collected to Donor, or Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.


**[Intentionally left blank]**

## COUNT XVII.
## <u>FORGERY</u>

**861.**      Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**862.**      831.01  Forgery.

Whoever falsely makes, alters, forges or counterfeits a public record,
or a certificate, return or attestation of any clerk or register of a court,
public register, notary public, town clerk or any public officer, in
relation to a matter wherein such certificate, return or attestation may
be received as a legal proof; or a charter, deed, will, testament, bond,
or writing obligatory, letter of attorney, policy of insurance, bill of
lading, bill of exchange or promissory note, or an order, acquittance,
or discharge for money or other property, or an acceptance of a bill of
exchange or promissory note for the payment of money, or any receipt
for money, goods or other property, or any passage ticket, pass or
other evidence of transportation issued by a common carrier, with
intent to injure or defraud any person, shall be guilty of a felony of the
third degree, punishable as provided in s. 775.082, s. 775.083, or s.
775.084.

**863.**      The assignment executed by Defendant JOANN REIN, at the direction of

AURORA July 9th 2008, as Vice President of either MERS®, or AURORA, assigning

Petitioner's Mortgage and NOTE, thereafter recorded same with the Public's Registrar

of Deeds in Palm Beach County, is a Forgery, known to be a Forgery at the time of

execution, or should have known was a Forgery;

**864.**      Assignment is received by Public's Registrar of Deeds as legal proof,

attestation executed under seal, intended to show beneficial interest in Petitioner's

property;

**865.**     Assignment fabricated from whole cloth was done with the intent to seize

Petitioner's property, using the full force and effect of the justice system; whereby,

**866.**     Assignor LEHMAN BROTHERS BANK FSB *prima fascia* setover all its

right, title and interest, *ab initio*, to LEHMAN BROTHERS HOLDINGS INC;

**867.**     two years later this same aforementioned NOTE is being re-Assigned to

AURORA, from LEHMAN BROTHERS BANK FSB, said Assignment is a forgery;

**868.**     See the Special-Indorsement found on the alleged NOTE in question,

"Exhibit Z," hereto attached.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, with imputed knowledge of the occupant of the Office of

CEO and PRESIDENT of AURORA at all time relevant, and JOANN REIN, jointly or

severally for Forgery, felony of the third degree; award Petitioner an Order against

AURORA and as punishment pay Petitioner Five-Thousand ($5,000.00) or Six-

Hundred-Fifty-Thousand ($650,000.00) times two; also pay other Borrower similarly

situated Five-Thousand ($5,000.00) or times two the value of their respective NOTE;

Order removal of all Assignments found in the public record associated with

Petitioner's Mortgage-NOTE and the NOTE of other Americans similarly situated, in

which AURORA caused to be executed, subsequently recorded after September 15th

2008, with costs and fees, in an amount Trier of fact deems is just and fair, determined

at Trial.

## COUNT XVIII.
## <u>FORGERY</u>

**869.**      Petitioner re-alleges and affirms each and every preceding paragraph of this Complaint and incorporate same here as if alleged anew.

**870.**      The assignment executed by Defendant THEODORE SCHULTZ, at the direction of AURORA June 8th 2009, acting in the capacity as Vice President of MERS® executed said Assignment of Petitioner's Mortgage and NOTE, thereafter recorded same with the Public's Registrar of Deeds in Palm Beach County;

**871.**      Assignment is received by Public's Registrar of Deeds as legal proof, attestation executed under seal, intended to show beneficial interest in Petitioner's property;

**872.**      Assignment fabricated from whole cloth was done with the intent to seize Petitioner's property using the full force and effect of the justice system; however,

**873.**      Assignor LEHMAN BROTHERS BANK FSB *prima fascia* setover all right, title and its interest to LEHMAN BROTHERS HOLDINGS INC;

**874.**      three years later this same NOTE is being re-Assigned for a third time from LEHMAN BROTHERS BANK FSB, said Assignment is a forgery;

**875.**      see the Special-Indorsement found on the alleged NOTE, "Exhibit Z," hereto attached, this attached Assignment was originally presented by AURORA, as it's

Exhibit in Case NO. 09-CA-017057, re-presented by the now defunct LAW OFFICE OF DAVID J. STERN P.A. *et al*.


**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, with imputed knowledge of the occupant of the Office of CEO and PRESIDENT of AURORA, and THEODORE SCHULTZ, jointly or severally for Forgery, felony of the third degree; award Petitioner an Order against AURORA and as punishment pay Petitioner Five-Thousand ($5,000.00) or Six-Hundred-Fifty-Thousand ($650,000.00) times two; also pay other Borrower similarly situated Five-Thousand ($5,000.00) or times two the value of their respective NOTE; Order removal of all Assignments found in the public record associated with Petitioner's Mortgage-NOTE and the NOTE of other Americans similarly situated, in which AURORA caused to be executed, subsequently recorded after September 15th 2008, with costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.


[Intentionally left blank]

## COUNT XIX.
## **FORGERY**

**876.**        Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**877.**        Copy of a copy of Petitioner's alleged Promissory-NOTE filed with the

Clerk of the Court received as *prima fascia* evidence, certified true and exact copy of

Petitioner's genuine NOTE, is a Forgery, as AURORA confessed the genuine NOTE is

missing, lost, stolen or destroyed at, or before commencement; furthermore,

**878.**        AURORA's alleged copy of Petitioner's genuine NOTE contains two (2)

pages numbered three (3), one with indorsement and one without indorsement;

**879.**         Petitioner maintains both these pages numbered three (3) of three (3) can

not be a true and exact copy of the genuine NOTE in question, is a fraudulent factum;

see "Exhibit Z" hereto attached.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and  the occupant of the Office of CEO and PRESIDENT

of AURORA jointly or severally for Forgery; award Petitioner an Order against

AURORA and as punishment pay Petitioner Five-Thousand ($5,000.00) or Six-

Hundred-Fifty-Thousand ($650,000.00) times two; Order removal of all Assignments

associated with Petitioner's Mortgage-NOTE from the public record in which

AURORA caused to be recorded, with costs and fees, in an amount Trier of fact deems

is just and fair, determined at Trial.

## COUNT XX.
## <u>FORGERY</u>

**880.**        Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**881.**        Petitioner did not know at the time, LEHMAN BROTHERS BANK FSB's

transfer of Petitioner's NOTE occurred contemporaneously with the Closing, but rather

was (miss) informed, as, *"I understand that the Lender may transfer this Note."*

Means something other than, the NOTE is already constructively transferred prior to, or

simultaneously with execution of the Closing documents;

**882.**        Petitioner did not know at the time, LEHMAN BROTHERS BANK FSB

converted Petitioner's NOTE for its personal use and benefit;

**883.**        Petitioner did not know LEHMAN BROTHERS BANK FSB did not use

any of its own money, or its depositor's money to seize Petitioner's home

contemporaneously with the Closing;

**884.**        Petitioner did not know LEHMAN BROTHERS BANK FSB created the

Money-of-Account employing Petitioner's credit, which was used to acquire possession

of Petitioner's home contemporaneously with the Closing;

**885.**        Petitioner did not know at that time, nor informed about securitization of

Petitioner's NOTE;

**886.**        Petitioner was tricked into signing what was understood to be a Mortgage

and Promissory-NOTE, as a Special-Deposit; whereas,

887.     Defendants LEHMAN BROTHERS BANK FSB joined with LEHMAN BROTHERS HOLDINGS INC, STRUCTURED ASSET SECURITIES CORPORATION, LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11, ASSOCIATES LAND TITLE INC and MERS® formulated a scheme whereby Petitioner was steered into an Investment-Contract, or at least Petitioner's NOTE was used to fund the Investment-Contract scheme;

888.     Petitioner did not know the NOTE is treated the same as a security, see Article §8-102 of the Uniform Commercial Code, defines a financial asset, to mean a security;

889.     Petitioner did not know at the time, that after signing the Promissory-NOTE in favor of LEHMAN BROTHERS BANK FSB, by Special-Indorsement conveyed said Promissory-NOTE, converting said NOTE into a commercial draft by indorsement, *"pay to the order of" "without recourse"*; See U.C.C. 3-415; as,

890.     Petitioner did not know at the time Commercial draft is a product of Donor's financial asset, as information or disclosure to same was intentionally with-held;

891.     Petitioner did not know at the time, Donor's financial asset is ultimately hypothecated to the DTC, holding a secured interest in certain pooled NOTEs; whereby,

892.     clustering Donor's NOTE, and the NOTE of other Americans similarly situated create Mortgage-Backed Securities; whereby,

893.     clustering the Mortgage-Backed Securities create BONDS thereof.

894.      Petitioner was unaware of the aforementioned matrix incorporating Petitioner's debt, prior to or at Closing; as such,

895.      all the Mortgage documents executed in 2006 between Petitioner and LEHMAN BROTHERS BANK FSB, which includes the genuine NOTE with the once wet ink signature of said Petitioner is a Forgery; considering,

896.      *"[F]orgery is committed when a defendant, by fraud or trickery, causes another to execute a deed of trust or other document where the signer is unaware, by reason of such trickery, that he is executing a document of that nature."* <u>(People v. Parker</u> (1967) 255 Cal.App.2d 664, 672)*; "The crime of forgery is complete when one makes or passes an incorrectly named instrument with intent to defraud, prejudice, or damage, and proof of loss or detriment is immaterial."*

897.      **As,** the true nature of a transaction depends upon the intention of the parties.

898.      Defendant LEHMAN BROTHERS BANK FSB memorialized its true intentions reading the verified TRUST AGREEMENT, on file with the Securities and Exchange Commission, executed before Petitioner's debt became a need.

**WHEREFORE, PREMISES CONSIDERED,** Petitioner directs this Court for entry of judgment against the Defendant LEHMAN BROTHERS BANK FSB or ASSOCIATES LAND TITLE INC, for Forgery; award Petitioner return of the Mortgage-NOTE, and act in accord with other Americans similarly situated, plus costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

## COUNT XXI.
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

**899.**        Petitioner re-alleges and affirms each and every preceding paragraph of this Complaint and incorporate same here as if alleged anew.

**900.**        Defendant AURORA failed to send a written debt validation notice within five days of AURORA's initial communication with Petitioner as Borrower, and AURORA as Third-Party-Debt-Collector, demanding payment after LEHMAN BROTHERS BANK FSB filed for Bankruptcy protection September 15th 2008; or,

**901.**        Receivers are appointed by court order to wind up and liquidate businesses. § 608.4492; § 617.1432; and § 607.1432 Fla. Stat. (2009); see also § 28 U.S.C. 754 (2009), **Ha/ic v. Henderson Nat. Bank**, 657 F.2d 816, 822 (6th Cir. 1981); **Zvlidwest Say. Ass 'n v. RiverbendAssociates**, 724 F. Supp. 661, 661 (D.Minn, 1989).

**902.**        Appointment of a receiver puts all the property subject to the receivership in the custody of the court. See R. Clark, **Clark on Receivers** § 36 (1959), (receiver is an arm or administering hand of the court); **Atlantic Trust Co. v. Chapman**, 208 U.S. 360, 372 (1908) (receiver is officer of court, and its property is in *custodia legis*); **Brunswick Corp. v. J & F, Inc.**, 424 F.2d 100, 103 (10th Cir. 1970) (property in *custodia legis* are the same as if actual possession is with an officer of the court). Any

interference with the receiver's functions is punishable by contempt. See, e.g., **Clear Creek Power & Development Co. v. Cutler**, 79 Cob. *355,* 245 P. 939 (1926).

**903.**        Defendant AURORA is a Third-Party-Debt-Collector in reference to Judicial Trustee; OR,

**904.**        Defendant AURORA failed to send a written debt validation notice within five days of AURORA's initial communication with Petitioner as Borrower, and AURORA as Third-Party-Debt-Collector, demanding payment after LEHMAN BROTHERS BANK FSB, negotiated the debt with LEHMAN BROTHERS HOLDINGS INC.

**905.**        Petitioner on or shortly after April 17th 2008 mailed to AURORA a request for Validation, under Title 15 U.S.C. 1692g, Section 809, byway of a Certified Letter Return-Receipt-Requested;

**906.**        Defendant AURORA either refused, or was unable to validate the alleged debt by ignoring the request; thereafter,

**907.**        Defendant AURORA continued calling Petitioner with automated debt collection type calls, in violation of 15 U.S.C. 1692g, § 809(b);

**908.**        Telephone calls were made from 2008 through and including calls made within the year 2011.

**909.**        Petitioner informed the caller(s) of violations arising from said debt collection calls thirty-one (31) days from receipt of request for Validation; however,

910.     Defendant AURORA's Third-Party-Debt-Collectors informed Petitioner no such communication was on record (to be found on their computer's terminal screen).

911.     Petitioner mailed a second request for Validation and a Do Not Call Letter on July 22nd 2008, pre-Complaint (lis Pendens); see "Exhibit P", attached hereto and incorporated herein by reference;

912.     Defendant AURORA either refused, or was unable to validate the alleged debt by ignoring the request, but continued to make automated collection type calls;

913.     since May 18th 2008 through May 2011 Petitioner has received numerous telephone collection type auto-dialed calls from AURORA;

914.     said telephone collection calls require Petitioner to disclose personal information over the telephone to verify the Petitioner is truly the targeted party, request for identification includes but not limited to a Social Security Number; but,

915.     each caller from AURORA refuses to properly identify themselves by use of their whole name and the last four (4) digits of their Social Security Number.

916.     Petitioner has unidentified persons arriving at Petitioner's home (monthly) stating they were sent by AURORA to inspect Petitioner's property and take photographs.

917.     Defendant AURORA is demanding money in excess of what is actually owed, intentionally misrepresenting the amount owed, 15 USC 1692e § 807(2)(a); and,

918.     Defendant AURORA is pretending to be the Creditor;

919.        Defendant AURORA frequently with-held Petitioner's payment past due

dates in order to generate additional late fees.


**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT

of AURORA,  jointly or severally for violation of the FAIR DEBT COLLECTION

PRACTICES ACT, a strict liability Statute; award Petitioner, and other Americans

similarly situated One-Thousand ($1,000.00) for each violation with costs and fees, in

an amount Trier of fact deems is just and fair, determined at Trial.


[Intentionally left blank]

## COUNT XXII.
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

**920.** Petitioner re-alleges and affirms ¶899 through and including ¶919 of this Complaint and incorporate same here as if alleged anew.

**921.** Defendant AURORA received a DO NOT CALL letter and a request for a copy of AURORA's "written policy" for maintaining a "do not call" list, which was denied to Petitioner by non-compliance, by non-response.

**922.** AURORA as a Third-Party-Debt-Collector knows or should know calling Petitioner after receiving a DO NOT CALL letter is a violation of TELEPHONE CONSUMER PROTECTION ACT.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of AURORA, jointly or severally for violation of the TELEPHONE CONSUMER PROTECTION ACT, a strict liability Statute; award Petitioner, and other Americans similarly situated Five-Hundred ($500.00) for the first twenty (20) calls and Treble Five-Hundred ($500.00) for the remainder, with costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

## COUNT XXIII.
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

**923.**     Petitioner re-alleges and affirms ¶899 through and including ¶922 of this Complaint and incorporate same here as if alleged anew.

**924.**     Defendant AURORA has reported, and continues to report un-verified information to the four major reporting agencies, Equifax, Experian TransUnion and Innovis;

**925.**     Petitioner over the past three years has requested, more than once for AURORA to validate the debt it alleges to Service;

**926.**     Defendant AURORA is either unable or unwilling to do so; as such,

**927.**     Petitioner maintains Defendant AURORA has and is knowingly reporting un-verified disputed financial information to the four separate reporting agencies monthly;

**928.**     each monthly report a separate and distinct violation, times four (4).

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of AURORA, jointly or severally for violation of THE FAIR CREDIT REPORTING ACT, a strict liability Statute; award Petitioner, and other Americans similarly situated One-Thousand ($1,000.00) for each un-verified monthly report, filed with each one of the four reporting agencies, costs and fees in an amount Trier of fact deems is just and fair, determined at Trial.

## COUNT XXIV.
## MAIL FRAUD

929.        Petitioner re-alleges and affirms each and every preceding paragraph of this

Complaint and incorporate same here as if alleged anew.

18 U.S.C. 1341: Frauds and swindles;

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means
> of false or fraudulent pretenses, representations, or promises, or
> unlawful use any counterfeit … security, or other … counterfeit
> or spurious article, for the purpose of executing such scheme or
> artifice or attempting so to do, places in any post office … any
> matter or thing whatever to be sent or delivered by the Postal
> Service, … shall be fined under this title or imprisoned not
> more than 20 years, or both.

930.        AURORA *et al.*, has devised a scheme whereby AURORA affirmatively

implies to possess the capacity to modify Petitioner's Mortgage-Loan, and others similarly

situated, for a fee; ***"At first, you will make new, affordable monthly payments on your***

***mortgage loan during a trial period. If you make those payments successfully and fulfill***

***all Trial Period Plan conditions, we will permanently modify your mortgage loan."***

931.        This affirmative aforementioned quote is a false statement of fact, and was

known to be false statement at the time said statement was made; as,

932.        Defendant AURORA has no intention of applying these ***"…new, affordable***

***monthly payments on your mortgage loan…"*** as Petitioner's Mortgage Loan, and others

similarly situated, is alleged to be in default, acceptance of payment thereon waves default;

933.       ***Trial Period Plan*** payment(s) made by Petitioner, and others similarly

situated, will be taken for the exclusive benefit and enjoyment of AURORA's bottom-line,

or / and AURORA's parent, not the registered beneficiary;

934.       nor is payment applied against Maker's Mortgage-NOTE balance, as the

implied assumption found within the foregoing assertion suggests.

935.       Defendant AURORA can not modify Maker's Mortgage Loan, as the

occupant of the Office of CEO and PRESIDENT of AURORA know or should know

AURORA lacks Beneficial-Interest thereto; *ergo,*

936.       **"*… we will permanently modify your mortgage loan.***" is a fraudulent factum

as AURORA can not modify that which it does not own; as such,

937.       statement(s) found in "Exhibit N" hereto attached, is an attempt to induce

Petitioner, or others similarly situated, into acting in such a manner as to cause financial

injury to Offeree, enriching AURORA *et al.*; because,

938.       AURORA lacks the legal capacity to enforce Petitioner's Mortgage-Loan; as

such,

939.       AURORA is using the mail in attempting to deceive Petitioner and others

similarly situated, into re-contracting anew, this time with AURORA directly; or,

940.       AURORA is offering Petitioner the HAMP program which is outside the

purview of AURORA to administer;

941.        HAMP has nothing to do with AURORA, outside of AURORA acting in

capacity of a government agent offering a seemingly beneficial program in assistance to a

Borrower, as the alleged Servicer of said debt; but,

942.        Mail received by Petitioner from Kahrl Wutscher LLP provided Petitioner

with HAMP and non-HAMP application documents, requesting Petitioner to fill out the

Forms with all supporting documents, and return same to that law Firm directly, writes,

943.        *"Time is of the essence. <u>Aurora will not postpone or suspend foreclosure</u>*

*<u>proceedings, if any, while it waits your delivery of a completed loan modification</u>*

*application."* [*<u>emphasis added</u>*] See "Exhibit M" hereto attached, Mail Fraud; because,

944.        Defendant, occupant of the Office of CEO and PRESIDENT of AURORA

knows AURORA is merely the Servicer of the alleged debt, without right, title or interest,

therefore can not legally enforce a foreclose Action Standing on its own; furthermore,

945.        AURORA is not the Real-Party-in-Interest and lacks the capacity to modify

Petitioner's debt, or the debt of other Americans similarly situated; also,

946.        HAMP being a government sponsored program, AURORA's participation

therein requires AURORA to act in accord with its legal duty and properly identify itself to

Offeree as the Servicer, acting in a representative capacity, for some undisclosed party;

947.        AURORA, the Servicer offering to Modify Petitioner's Mortgage-Loan, and

the Mortgage-Loan of other Americans similarly situated, is a matter of fraudulent factum;

948.        AURORA threatening to foreclose in lieu of Offeree executing a so called

Mortgage-Loan-Modification is Mail Fraud, as AURORA lacks enforcement authority.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of

AURORA, with imputed knowledge, of Mail Fraud.

### COUNT XXV.
### WIRE FRAUD

949.        Petitioner re-alleges and affirms each and every preceding paragraph of this

Complaint and incorporate same here as if alleged anew.

950.        The crime of wire fraud is codified at 18 U.S.C. § 1343, and reads, in part as

follows:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means
> of false or fraudulent pretenses, representations, or promises,
> transmits or causes to be transmitted by means of wire, radio, or
> television communication in interstate or foreign commerce,
> any writings, signs, signals, pictures, or sounds for the purpose
> of executing such scheme or artifice, shall be fined under this
> title or imprisoned not more than 20 years, or both. If the
> violation affects a financial institution, such person shall be
> fined not more than $1,000,000 or imprisoned not more than 30
> years, or both.

951.        Pursuant to **Neder v. United States (527 U.S. 1, 23, decided in 1999**), the

alleged misrepresentation to support a conviction under 18 U.S.C. § 1343 must be a

material misrepresentation; a misrepresentation is material if it is capable of

influencing, or has a "natural tendency" of influencing. To commit wire fraud, one must

(1) devise, or intend to devise, a scheme or artifice to defraud another person on the

basis of a material representation, and (2) do it with the intent to defraud, and (3) do it

through the use of interstate wire facilities (i.e. telecommunications of any kind).

952.        Premises considered, AURORA appearing as Holder-in-Due-Course in

CASE No. 07-80998-CIV-RYSKAMP / VITUNAC, IN THE UNITED STATES

DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, Action

commenced October 22nd 2007; then,

953.        filing suit as the Real-Party-in-Interest in CASE No. 50-2009-CA-017057-

XXXX-MB, IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,

IN AND FOR PALM BEACH COUNTY, FLORIDA, May 15th 2009, affirmatively

averring to be the Holder and Owner of Petitioner's Mortgage-NOTE is a material

misrepresentation tendered to influence Petitioner and others similarly situated,

including the justice system; whereby privately,

954.        Defendant AURORA freely admit it is merely the Servicer for LEHMAN

BROTHERS HOLDINGS INC, non-party, who is in fact the Real-Party-in-Interest [sic],

the real Owner and Holder of the debt, disclosed in the year of 2010; however,

955.        Palm Beach County's Public Records identify AURORA as Mortgagee of record in the year of 2009.

956.        AURORA telephoning Petitioner or other Americans similarly situated, from without the State of Colorado, whereby AURORA is demanding money in lieu of AURORA foreclosing on Maker's property in-which Defendant AURORA has no legally cognizable enforceable right to foreclose, is Wire Fraud;

957.        each inter-state telephone call from Defendant AURORA, since June 5th 2008, demanding money or property from Petitioner, money or property in-which Defendant AURORA has no legally enforceable right to, demanding said money in lieu of AURORA foreclosing Petitioner's property, (a threat it can not legally enforce, but did attempt) is an Act of Wire Fraud; furthermore,

958.        each electronic Fax-Slimily transmission by telecommunication wire, or use of the internet, inter-state, content displaying an Assignment from MERS® to AURORA, whereby the Assignor is LEHMAN BROTHERS BANK FSB, and said Assignment is executed, subsequently recorded after September 15th 2008, each such foregoing transmission is a distant and separate Act of Wire Fraud.

959.        AURORA offering Petitioner or others similarly situated representation whereby AURORA implies by pretence or otherwise it can permanently modify recipient's Mortgage-Loan, transmitted by wire, destination without the State of Colorado is Wire Fraud, *supra*.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of

AURORA, with, or without imputed knowledge, jointly, or severally of Wire Fraud.

## COUNT XXVI.
## <u>MERS® RACKETEER INFLUENCED AND CORRUPT ORGANIZATION</u>

**960.**      Petitioner re-alleges and affirms ¶ 226 through and including ¶ 291 of this

Complaint and incorporate same here as if alleged anew.

**961.**      MERSCORP HOLDINGS, INC, was created by the banking industry to

facilitate securitization;

**962.**      MERSCORP and MERS® was created with *dolus malus*, to in part, skirt

state laws by creating an artifice, designed to avoid paying the County's Transfer Tax;

**963.**      MERS® and MERSCORP are foreign to the State of Florida, and foreign to

most states of the union;

**964.**      The sole shareholder of MERS® is MERSCORP HOLDINGS, INC;

965.	DEFENDANT *et al.,* jointly and severally either created MERSCORP and MERS®, or support MERS® or is employing MERS® to illegally seize Petitioner's property, and those of other Americans similarly situated, as an ongoing corrupt business enterprise, in operation over ten (10) years; and,

966.	MERSCORP receives more than Five-Million ($5,000,000.00) in gross receipts from operating MERS® in any two given years of operation; see 18 U.S.C. § 225.

967.	MERS® Members can literally record beneficial interest in any targeted property, with, or without actual possession, using privately held Superior-Knowledge.

968.	Had MERS® not fabricated a bogus Assignment in Case NO. 07-80998-CIV-RYSKAMP / VITUNAC, AURORA would not have paid the IRS One-Hundred-Fifty-Thousand ($150,000.00), if not for discovery of some irregularity by the IRS;

969.	Had MERS® not fabricated a colorable Assignment in Case NO. 09-CA-017057, Foreclosure proceeding could not commence against this Petitioner;

970.	The LAW OFFICE OF DAVID J. STERN P.A. *et al.,* representing AURORA, served Petitioner with a legal action with the expressed intent of depriving Petitioner of property, or others similarly situated, facilitated exclusively by the fabrication of a MERS® Assignment;

971.        Both MERS® Assignments is executed by an employee of AURORA.

972.        In re Agard, 8-10-77338-reg, U.S. Bankruptcy Court, Eastern District of

New York Central Islip (2-10-2011), the Honorable Judge Grossman wrote.


> *"This Court does not accept the argument that because MERS may be involved with 50% of all residential mortgages in the country, that is reason enough for this Court to turn a blind eye to the fact that this process does not comply with the law."*

> *"Section 6 of Rule 2 states that 'MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes,' but this does not confer any specific power or authority to MERS".*

> *"Because MERS's members, the beneficial noteholders, purported to bestow upon MERS interests in real property sufficient to authorize the assignments of mortgage, the alleged agency relationship must be committed to writing by application of the statute of frauds".*

973.        The Honorable Judge Grossman went on to say, that the membership

agreement wasn't enough to assign the Mortgage and that to do so the lender would have

to give power of attorney or similar authority to MERS®.

974.        MERS®, as Nominee, is acting as a *quasi* agent of its principal, for limited

purposes, and has only those powers which are conferred to it and authorized;

975.    Borrower acknowledging and consenting to MERS® acting as Nominee of the Lender has no bearing on what specific powers and authority the Lender granted MERS®.

976.    The problem is not whether the Borrower can object to the Assignees' standing, but whether the original Lender, who is not before the Court, actually transferred its right, title and interest to AURORA, while in Bankruptcy; furthermore,

977.    Accepting MERS'® position that the Lender acknowledges MERS'® authority to exercise any or all of the Lenders' rights under the Mortgage, the Mortgage does not convey to MERS® the specific right to Assign the Mortgage, nor the NOTE.

978.    The general language *"to take any action required of the Lender including, but not limited to, releasing and canceling this Security Instrument"* is not sufficient to give the Nominee authority to alienate or Assign a Mortgage without getting the Mortgagee's explicit authority for the particular Assignment, in writing.

979.    Alienating a Mortgage absent specific authorization is void, as the alienation of a mortgage is not an administrative act.

980.    MERSCORP joined with MERS® has failed to exercise appropriate oversight, management supervision and corporate governance, by design, in the opinion of Petitioner;

981.     MERSCORP joined with MERS® has failed to provide its Members legal resources to ensure proper administration and delivery of legal documents;

982.     MERS® has failed to establish and maintain adequate internal controls, and reporting requirements ensuring Members record each transaction, and when the NOTE is purchased or transferred to a Non- Member, as is the case herein, the Mortgage must also be assigned, which is not done, bifurcating the NOTE and Mortgage.

983.     This lack of corporate governance and supervision has provided Defendant AURORA a conduit through which it is attempting to commit an Act of Larceny;

984.     an Act AURORA could not accomplish if not for the artifice of MERS® which is designed to intentionally or otherwise obfuscate the identity of the Real-Party-in-Interest; whereby,

985.      obfuscate the true identity of the Real-Party-in-Interest securitization of the NOTE takes place under the Borrower's radar; as,

986.     MERS® remains Mortgagee of Public Record.

987.     Where a corporate entity is created for a fraudulent purpose, or to sabotage or undermine the judicial process or / and the administration of justice, the corporate

form will be disregarded and the shareholders are subject to the imposition of individual

liability.

988.      The "R.I.C.O. violation" by which this Petitioner has Standing, and others

similarly situated, is the scheme itself, once it has been established that the scheme is of

the type proscribed by R.I.C.O.

989.      For this scheme to qualify as R.I.C.O. the mail or wires must have been used

in furtherance of its objectives; Petitioner has standing as the injured party of this

scheme, as do other Americans similarly situated, even if the use of the mail or wires is

incidental and did not directly cause the injury. See **Bridge v. Phoenix Bond**

**&Indemnity Co.,128 S. Ct. 2131 (2008).**

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against MERSCORP, and MERS® jointly or severally for operation of

RACKETEER INFLUENCED AND CORRUPT ORGANIZATION; finding in the

Affirmative, disgorge these Defendant's of all ill-gotten-gain whereby AURORA has

taken property from a Borrower, or whereby AURORA is attempting to take property

from Borrower, evidenced by an Assignment from MERS® as Nominee for LEHMAN

BROTHERS BANK FSB after September 15th 2008 and up to a year prior; award

Petitioner, and other Americans similarly situated the face value of their NOTE in

treble, or / and award Petitioner and others similarly situated, actual damages under 18

U.S.C. §§ 1962 and 1964, compensatory damages, general damages, or / and punitive

damages; Order AURORA to return all the rent payments collected to Donor, or Heir of

the estate, with costs and fees, in an amount Trier of fact deems is just and fair,

determined at Trial.

## COUNT XXVII.
## AURORA RACKETEER INFLUENCED AND CORRUPT ORGANIZATION

**990.**      Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**991.**      AURORA established in the year of 1997 generates more than Five-Million

($5,000,000.00) in revenue in any given twenty-four (24) month period of operation, see

18 U.S.C. §225; and,

**992.**      AURORA is in Business over ten (10) years;

**993.**      finding AURORA is the Servicer of Petitioner's alleged debt, and the Servicer

of debt of other Americans similarly situated; whereby,

**994.**      AURORA comes into Court pretending to be the Real-Party-in-Interest, when

in fact it knows, or should know AURORA is not the Real-Party-in-Interest; finding,

**995.**      MERS® Assignment to AURORA is the clinch-pin, if a considerable volume

of Assignments are executed, subsequently recorded after September 15th 2008, is evidence

of an ongoing corrupt business practice, going back how far is in question.

996.      Petitioner alleges AURORA is actively participating in a RACKETEER

INFLUENCED and CORRUPT ORGANIZATION type activity;

997.      The "R.I.C.O. violation" by which this Petitioner has Standing, and other

Americans similarly situated, is the scheme itself, once it has been established that the

scheme is of the type proscribed by R.I.C.O.

998.      For this scheme to qualify as R.I.C.O. the mail or wires must have been used

in furtherance of its objectives;

999.      Petitioner and others similarly situated hold standing as an injured party of

this scheme, even if the use of the mail or wires is incidental and did not directly cause

the injury. See **Bridge v. Phoenix Bond &Indemnity Co.,128 S. Ct. 2131 (2008).**

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of

judgment against AURORA for operating a RACKETEER INFLUENCED AND

CORRUPT ORGANIZATION; finding in the Affirmative, disgorge Defendant of all

ill-gotten-gain whereby AURORA has taken property from a Borrower, or whereby

AURORA is attempting to take property from a Borrower, evidenced by an Assignment

from MERS® as Nominee for LEHMAN BROTHERS BANK FSB after September 15th

2008 and up to a year prior; award Petitioner, and other Americans similarly situated

the face value of their NOTE in treble, or / and award Petitioner, and others similarly

situated, actual damages under 18 U.S.C. §§ 1962 and 1964, compensatory damages,

general damages, or / and punitive damages; Order AURORA to return all the rent

payments collected to Donor, or Heir of the estate, with costs and fees, in an amount

Trier of fact deems is just and fair, determined at Trial.

## COUNT XXVIII.
## FRAUDULENT INDUCEMENT

**1000.** Petitioner re-alleges and affirms each and every preceding paragraph of

this Complaint and incorporate same here as if alleged anew.

**1001.** Defendant AURORA and the law firm Kahrl Wutscher LLP have jointly

and AURORA severally made offers to "Modify" Petitioner's Mortgage-Loan;

**1002.** Defendant AURORA and co-conspirator the law firm Kahrl Wutscher LLP

know, or should know, AURORA can not modify that which AURORA does not own,

nor possess;

**1003.** If it is shown AURORA did not legally own, hold or possess said

Mortgage-NOTE *ab initio*, then Petitioner is being Fraudulently Induced into acting in

such a manner as to cause Petitioner financial injury, while unjustly enriching

AURORA;

**1004.**     AURORA knows, or should have known, it was never the Real-Party-in-Interest, *supra*, and as such, to become the Real-Party-in-Interest must acquire Petitioner's acceptance, byway of the "new-deal," under the guise of Loan-Modification;

**1005.**     AURORA has confessed it is not in possession of the genuine NOTE;

**1006.**     Original Lender is LEHMAN BROTHERS BANK FSB, in Bankruptcy;

**1007.**     It is not legally possible to modify Petitioner's present Mortgage-Loan, and AURORA knows that to be true, or should know same;

**1008.**     However AURORA will accept a reduced monthly payment while the so called "Modification" is processed; however,

**1009.**     Monies accepted by AURORA during this modification period go right to AURORA's bottom line, as the debt is alleged to be in default;

**1010.**     Trustee collects on insurance once Default is duly declared, customarily default is declared after ninety (90) days has passed without payment from Borrower;

**1011.**     AURORA knows, or should have known, its offer to Modify Petitioner's Mortgage-Loan is a veiled attempt to refinance [10] the property, by the Servicer with a ten ($10.00) investment, *"... and other good and valuable consideration"*;

---

[10]     **Title XXXIII Section §500.177 Penalty for violation of s. 500.04; dissemination of false advertisement.— (1)Any person who violates any provision of s. 500.04 is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083; actual damages if in bad faith; injunction; declatory judgment that act is violation (§501.207). willful unfair trade practices in any industry may result in up to $10,000 civil penalty for each violation; reasonable attorney's fees and costs (§501.2075).**

1012.        AURORA knows, refinancing the debt would wipe-out all the past sins;

1013.        AURORA to imply it is in a position to modify Petitioner's Mortgage-NOTE ("*We* [11] ***want to make modifying your mortgage loan as easy as possible***.") is a fraudulent factum, known to be false at the time said statement was made;

1014.        AURORA has found a profit center, selling the illusion of Mortgage-Loan Modification of Mortgage-Loans it does not own, for a monthly fee, while AURORA investigates Borrower's eligibility;

1015.        Statistically the greater majority of Home-Owners that comply with all terms and conditions and make all the monthly payments on time during the "work-out period" are denied Mortgage-Loan Modification, because AURORA can not modify that which it does not own, nor which AURORA can acquire on the secondary market.

**WHEREFORE, PREMISES CONSIDERED**; Petitioner directs this Court for entry of judgment against AURORA, and the occupant of the Office of CEO and PRESIDENT of AURORA for Fraudulent Inducement; finding in the Affirmative, award Petitioner, and other Americans similarly situated return of their respective NOTE, or / and award actual damages, compensatory damages, general damages, or / and punitive damages; Order AURORA to return all the rent payments collected to Donor, or Heir of the estate, with costs and fees, in an amount Trier of fact deems is just and fair, determined at Trial.

---

[11] **The word "We" means AURORA LOAN SERVICES LLC.**