IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

CASE NO. 12-80364-CIV-MARRA/BRANNON

JOHN KORMAN, )
Private Attorney General, )
                Petitioner, )
 )
AURORA LOAN SERVICES LLC; )
OFFICE OF CEO, AND PRES OF AURORA; )
AURORA BANK FSB; )
MERSCORP HOLDINGS, INC; )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS INC; )
LEHMAN BROTHERS HOLDINGS, INC; )
LEHMAN BROTHERS BANK, FSB; )
LEHMAN BROTHERS, INC; )
LEHMAN BROTHERS BANCORP INC; )
LEHMAN XS TRUST 2006-11; )
STRUCTURED ASSET SECURITIES )
CORPORATION; )
LASALLE BANK N.A. as TRUSTEE; )
U.S. BANCORP as successor TRUSTEE; )
ASSOCIATES LAND TITLE INC; )
THEODORE SCHULTZ, Individual; )
LAURA MCCANN, Individual; )
CYNTHIA WALLACE, Individual; )
JOANN REIN, Individual; )
LAW OFFICE OF DAVID J. STERN P.A.; )
DAVID JAMES STERN, Esquire; )
KAROL S. PIERCE, Esquire; )
CASSANDRA RACINE-RIGAUD, Esquire; )
MISTY BARNES, Esquire; )
DARLINE DIETZ, Notary; )
JOHN DOE 1 – 100; )
JANE DOE 1 – 100; )
                Defendants. )
_____/

FILED by ___ D.C.
APR 26 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

JOHN KORMAN, Private Attorney General (hereinafter "Petitioner"), request the Court, pursuant to Federal Rule of Civil Procedure 65, issue;

1.  an Order temporary restraining AURORA LOAN SERVICES LLC ("AURORA") from Assigning its alleged Servicing Rights of Petitioner's Mortgage – NOTE to a non-party, SELENE FINANCIAL L.P. Absent immediate Court intervention Defendant AURORA will not only profit from selling Petitioner's alleged debt to an innocent-third-party-buyer, predicated on an Uttered document, at issue in this instant case, but will convey its liability to an innocent third party who will now pursue Petitioner for payment, and possibly file a new foreclosure action;

2.  an Order temporarily restraining Defendant AURORA LOAN SERVICES LLC from selling or transferring its Servicing Rights as they relate to LEHMAN BROTHERS BANK FSB, to a third-party until this litigation has been adjudged [1]; or,

3.  an Order temporarily restraining Defendant AURORA LOAN SERVICES LLC from selling or transferring its alleged Servicing Rights as they relate to LEHMAN BROTHERS BANK FSB's alleged debt, to a third-party until the Court may consider Petitioner's Motion for Preliminary Injunction.

---

[1] **AURORA is accused of conducting an on going criminal enterprise whereby the scheme involves liquidating assets transferred from LEHMAN BROTHERS BANK FSB Bankruptcy estate, assets which is not reported or recorded with the judicial Trustee administering the LEHMAN BROTHERS BANK FSB Bankruptcy proceeding.**

KORMAN v AURORA *et al.*          Page 2 of 10

## I.  INTRODUCTION

This is an action for declaratory and injunctive relief pursuant to 42 U.S.C. 1983 and the Declaratory Judgment Act, 28 U.S.C. 2201 (Title 11 Section 1146), brought by Petitioner to enjoin AURORA LOAN SERVICES LLC, from continuing to violate Federal Law and the United States Constitution, by illegally transferring a phantom-security interest from a debtor's estate while in custodia legis, done without judicial Trustee's approval.

## II.  STATEMENT OF FACTS

May 15th 2009 AURORA LOAN SERVICES LLC commenced a foreclosure Action in its own name for its own benefit acting as Plaintiff, IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA, CASE NO: 09-CA-017057.

AURORA, not the original Lender, to show Standing fabricated a colorable Assignment from whole-cloth; Assignor is LEHMAN BROTHERS BANK FSB; Assignment is executed June 8th 2009, by Assistant Vice President of AURORA wearing a MERS® hat, awhile Assignor LEHMAN BROTHERS BANK FSB is amidst a Bankruptcy proceeding, commenced September 15th 2008.

Petitioner is Defendant-Home-Owner in CASE NO: 09-CA-017057.

Petitioner herein but defendant in CASE NO: 09-CA-017057, Motion to Dismiss AURORA LOAN SERVICES LLC's first Amended Complaint was GRANTED March 1st 2012 with AURORA's Leave to Amend; AURORA was given an opportunity by the Court to file a Verified second Amended Complaint no later than April 3rd 2012; AURORA stands silent to this day, did not submit a Verified second Amended Complaint with the Court.

April 5th 2012 Petitioner filed a thirty-five (35) COUNT PETITION / COMPLAINT against AURORA *et al.* alleging *inter alia,* forgery, false claim, Usury, Stellionation, intrinsic fraud, extrinsic fraud, attempted larceny, Civil R.I.C.O., mail fraud, wire fraud, mortgage fraud, uttering, 1983 violation and others.

April 19th 2012 Petitioner received by U.S. Postal Service a "good bye" letter informing Petitioner AURORA BANK FSB (not AURORA LOAN SERVICES LLC) is transferring the Servicing of Petitioner's loan to a non-party, SELENE FINANCE L.P., effective May 1st 2012.

Petitioner does not have an agreement with AURORA BANK FSB and Petitioner has not ever made a payment to AURORA BANK FSB.

AURORA BANK FSB was formally known as LEHMAN BROTHERS BANK FSB, changed its name in April 2009 and is the parent to AURORA LOAN SERVICES LLC;

LEHMAN BROTHERS BANK FSB petitioned the Bankruptcy Court as an insolvent debtor September 15th 2008 under Title 11, Chapter 11;

LEHMAN BROTHERS BANK FSB did not disclose Petitioner's alleged debt as being one of its assets, to the judicial Trustee administering the LEHMAN BROTHERS BANK FSB's reorganization under Chapter 11; because, LEHMAN BROTHERS BANK FSB sold all its Right, Title and Interest in Petitioner's debt to LEHMAN BROTHERS HOLDINGS INC before the ink dried on Petitioner's once wet ink signature; see Special-Indorsement found on the copy of a copy of Petitioner's alleged NOTE, (Exhibit Z, page 3 of 4 attached to the original Petition / Complaint). Special-Indorsement found on the NOTE setover said NOTE to LEHMAN BROTHERS HOLDING INC, *prima fascia*; however,

AURORA executed two colorable Assignments which allege transfer of all Rights, Title and Interest in Petitioner's debt setover to AURORA; first Assignment was executed July 9th 2008, for an unrelated case; see original Petition / Complaint.

AURORA executed a second colorable Assignment June 8th 2009, this Act of the second Assignment is an admission by AURORA as to not actually owning the debt July 9th 2008, as there can be no other explanation to the second Assignment.

Petitioner is not alone, whereby AURORA LOAN SERVICES LLC appears to be actively transferring phantom-Mortgage-debt from LEHMAN BROTHERS BANK FSB's estate amidst LEHMAN BROTHERS BANK FSB's

Bankruptcy proceeding; see "Exhibit AA" hereto attached and incorporated herein by reference.

LEHMAN BROTHERS BANK FSB does not own or hold the alleged Mortgage-debt, which is constructively transferred by an AURORA employee as the Assignor while wearing a MERS® hat, setover to AURORA the Mortgage-debt as the designated Assignee;

now AURORA is registered as Petitioner's Mortgagee, with what appears to give AURORA all Rights, Title And Interest to Petitioner's debt evidenced by two Uttered Documents, both duly recorded;

AURORA fabricating Assignments from whole-cloth, to show Standing where there is none, is an ongoing accepted business practice within the normal course of business, as conducted by AURORA.

The purpose of this temporary restraining order is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held.

### III. ARGUMENT

**Standards for Issuance of Temporary Restraining Order and Preliminary Injunction**

In determining whether to grant injunctive relief prior to trial, the Court must consider four factors: (1) the plaintiff's likelihood of success in the underlying dispute between the parties; (2) whether the plaintiff will suffer irreparable injury if the

injunction is not issued; (3) the injury to the defendant if the injunction is issued; and (4) the public interest. **Scotts Co. v. United Indus. Corp.**, 315 F.3d 264, 271 (4th Cir. 2002); **Blackwelder Furniture Co. v. Seilig Manufacturing Co.**, 550 F.2d 189, 193 (4th Cir. 1977). A strong showing of a likelihood of irreparable injury substantially lessens the plaintiff's need to demonstrate the likelihood of success on the merits. **Maryland Undercoating Co. v. Payne**, 603 F.2d 477, 481 (4th Cir. 1977). The strong likelihood of success on the merits likewise reduces the need to meet the other requirements.

In this case, an Emergency Temporary Restraining Order and a Preliminary Injunction are both necessary and appropriate because Petitioner has a strong likelihood of prevailing and would suffer imminent harm if such interim relief is denied; furthermore to allow AURORA to foreclose on a party wherein the party's circumstances mirror the allegations as set forth herein will cause others similarly situated imminent danger of foreclosure and irreparable harm if AURORA is allowed to continue and ultimately foreclose, predicated on fabricated evidence;

on the other hand, Defendant AURORA LOAN SERVICES LLC will not be harmed by preventing it from conducting illegal foreclosures, predicated on an Assignment from LEHMAN BROTHERS BANK FSB while in custodia legis, a phantom-debt which is constructively setover to AURORA, but is an alleged debt neither LEHMAN BROTHERS BANK FSB nor AURORA legally own or hold.

The Bankruptcy of LEHMAN BROTHERS BANK FSB is a matter of public record, as is its assets; wherein the record is silent concerning the transfer of Petitioner's Mortgage-debt, or the Mortgage-debt of others similarly situated setover to AURORA by judicial Trustee's authorization.

Attached hereto as "Exhibit AA," are nine more examples of property transferred and duly recorded contemporaneously with the LEHMAN BROTHERS BANK FSB Bankruptcy. AURORA is literally transferring hundreds of millions worth of real-estate from the LEHMAN BROTHERS BANK FSB Bankruptcy estate without judicial oversight; as the Mortgage-debt alleged transferred is phantom-debt, not disclosed by LEHMAN BROTHERS BANK FSB as an asset it possesses, *ab initio*.

Each foreclosure Action which AURORA orchestrated since September 15th 2008, whereby LEHMAN BROTHERS BANK FSB is the original Lender and Assignor, MERS® as Lender's nominee, whereby an employee of AURORA acting in the capacity as Certifying Officer of MERS® executed an Assignment, setover to AURORA the Mortgage **together with the NOTE**, is an Act of Intrinsic Fraud upon the Court, and an Act of Larceny against a home-owner contemporaneously violating a Constitutionally protected property right under the Fifth Amendment, a crime perpetrated by a regulated entity.

Defendant AURORA LOAN SERVICES LLC will not suffer any harm from complying with a Temporary Restraining Order and Preliminary Injunction unless

AURORA can show this Court a single instance whereby the judicial Trustee approved the transfer of the Mortgage, together with the debt, from LEHMAN BROTHERS BANK FSB setover same to AURORA, with all Rights, Title and Interest.

It should be clear to the Court, from the evidence in hand, AURORA filed a false-claim against Petitioner, as AURORA pretended to be the Real-Party-in-Interest in CASE NO: 09-CA-017057, commenced a legal action in its own name for its own benefit. To prove its interest fabricated an Assignment; Now AURORA admits it is merely the Servicer, with the right to collect the debt, on behalf of a non-party beneficiary, in custodia legis at all time relevant. "Exhibit AA" hereto attached, indicates, nine Assignments, similar in their nature as Petitioner's circumstances, duly recorded in one County over a two month period; multiply that by six to arrive at twelve months of the year; then multiply that number by sixty-seven counties found within the State of Florida, is a lot of real-estate, Larceny on a grand scale, not to mention or consider the number of injured people involved.

### IV. Should Not Be Required to Post a Bond

Federal courts construing Federal Rule of Civil Procedure 65 permit a trial court to require no bond where the nonmoving party fails to demonstrate an injury. "[T]he trial judge has wide discretion in the manner of requiring security and if there is an absence of proof showing the likelihood of harm, certainly no bond is necessary." **Continental Oil Co. v. Frontier Refining Co., 338 F.2d 780, 782 (10th Cir. 1964);**

<u>Doctor's Assocs., Inc. v. Stuart</u>, 85 F.3d 975, 985 (2d Cir. 1996); see also <u>West Virginia Highlands Conservancy v. Island Creek Coal Co.</u>, 441 F.2d 232, 236 (4th Cir. 1971) (holding that a nominal bond of $100 was sufficient where defendant failed to show it would suffer more than negligible harm as a result of having to delay timber cutting until the issues raised in the litigation could be decided). Here, there is no indication that Defendants will suffer any cognizable harm during the time that the temporary restraining order and preliminary injunction are in effect. This motion simply requires preservation of the status quo. Because Defendants will not be harmed by the issuance of a temporary restraining order or preliminary injunction, Petitioner should not be required to post a bond.

## V.  CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Motion for a Temporary restraining Order and Preliminary Injunction be GRANTED.

Respectfully submitted;

DATED this 26th day of April 2012.

By: _____
JOHN KORMAN
Private Attorney General
934 SW 21st Way
Boca Raton Florida 33486
(561) 393-0773
korman2001@comcast.net

LYNN E. SZYMONIAK, ESQ.<br>
The Metropolitan, PH2-05<br>
403 South Sapodilla Avenue<br>
West Palm Beach, Florida 33401<br>
szymoniak@mac.com

May 30, 2010

Andrew D. Velez-Rivera
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Anton R. Valukas
Jenner & Block
lehmaninquiry@jenner.com

  Re: Lehman Brothers Holdings, Inc.
    Bankruptcy Petition #:08-13555-jmp, filed September 15, 2008

Dear Mr. Velez-Rivera and Mr. Valukas:

This letter concerns the transfer of mortgages with an aggregate face value of several hundred million dollars from Lehman Brothers Bank to Aurora Loan Services in the past 12 months that have come to my attention as part of a larger study of mortgage assignments by mortgage servicing companies.

I have attached copies of nine such transfers. Please note that the individuals who signed these transfers signed as "Vice-President, Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, F.S.B." These individuals, however, are actually employees of Aurora Loan Services in Scottsbluff, Nebraska. The transfers were made to Aurora Loan Services – so this is a matter of the individuals representing on the mortgage assignments that they are working for the grantor when they are actually employed by the grantee. The nine assignments were those recorded in April & May, 2010, in St. Lucie County, Florida, where the GRANTOR was Lehman Brothers Bank, F.S.B.

In most cases, these assignments have been filed by large law firms specializing in foreclosures. The assignments are used by these firms to "prove" that Aurora Loan Services has standing to bring a foreclosure action.

**Exhibit AA**

To believe these assignments, one would have to believe that a servicing company has recently (in the midst of a national foreclosure crisis) acquired hundreds of millions of dollars in subprime mortgages and was especially interested in acquiring loans in default. **Another explanation is that this may be part of a scheme to liquidate certain assets of Lehman Brothers that were unreported to the bankruptcy court.**

Please confirm that these transfers from Lehman F.S.B. to Aurora Loan Services have been approved by the bankruptcy Court. Please do not hesitate to contact me if I can be of further assistance.

Yours truly,

/s/

Lynn E. Szymoniak, Esq.

**Mortgage Assignments From Lehman Brothers Bank, F.S.B. to Aurora Loan Services (St. Lucie County, FL) – Recorded in April & May, 2010**

Date on Assignment, Assignment Book & Page (St. Lucie Co, FL), Loan Amount

May 6, 2010, 3200/437, $232,000

March 23, 2010, 3194/1235, $204,800

October 27, 2009, 3190/374, $252,999

September 18, 2009, 3189/1329, $152,800

April 6, 2010, 3187/2409, $152,000

January 13, 2010, 3185/593, $94,250

January 27, 2009, 3186/513, $274,000

January 26, 2010, 3185/2008, $199,920

March 19, 2010, 3185/1124, $220,000

Total loan value: $1,782,769

**Exhibit AA**