# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

CASE NO. 12-80364-CIV-MARRA/BRANNON

*Filed by _____ D.C.*

*JUL 09 2012*

*STEVEN M. LARIMORE*
*CLERK U.S. DIST. CT.*
*S.D. OF FLA. - W.P.B.*

| | |
|---|---|
| STATE OF FLORIDA, EX RELATIONE, JOHN KORMAN, Relator, v. | |
| AURORA LOAN SERVICES LLC; | CIVIL RIGHTS 1983 VIOLATION |
| OFFICE OF CEO, AND PRES OF AURORA; | FORGERY |
| AURORA BANK FSB; | USURY |
| MERSCORP HOLDINGS, INC; | CIVIL CONSPIRACY |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC; | STELLIONATION |
| LEHMAN XS TRUST 2006-11; | INTRINSIC FRAUD |
| LASALLE BANK N.A. as TRUSTEE; | ATTEMPTED LARCENY |
| U.S. BANCORP as successor TRUSTEE; | FRAUDULENT CONVERSION |
| ASSOCIATES LAND TITLE INC; | CONSTRUCTIVE FRAUD |
| THEODORE SCHULTZ, Individual; | VIOLATION OF FDCPA |
| LAURA MCCANN, Individual; | VIOLATION OF TCPA |
| CYNTHIA WALLACE, Individual; | VIOLATION OF FCRA |
| JOANN REIN, Individual; | VIOLATION OF FDUTPA |
| LAW OFFICE OF DAVID J. STERN P.A.; | MAIL FRAUD |
| DAVID JAMES STERN, Esquire; | WIRE FRAUD |
| KAROL S. PIERCE, Esquire; | UTTERING |
| CASSANDRA RACINE-RIGAUD, Esquire; | R.I.C.O. |
| MISTY BARNES, Esquire; | FRAUDULENT INDUCEMENT |
| DARLINE DIETZ, Notary; | FALSE CLAIM |
| JOHN DOE 1 – 100; | MORTGAGE FRAUD |
| JANE DOE 1 – 100; | PROFESSIONAL NEGIGENCE |
| Defendants. | DEMAND FOR JURY TRIAL Fed.R.Civ.P. 38(b) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT KAROL S. PIERCE'S

## MOTION TO DISMISS

KORMAN v AURORA *et al.*     Page 1 of 5

State of Florida, *ex rel.*, respectfully request that this Court deny Defendant's, KAROL S. PIERCE Esquire's MOTION TO DISMISS. This case has the potential to be considered as a case of first impression taken in its totality. Herein KAROL S. PIERCE Esquire, a learned Attorney participated in a foreclosure Action in violation of Title 11 U.S.C. 362(C), which is a federal crime. KAROL S. PIERCE Esquire is an employee of the Law Offices of David J. Stern P.A., at all time relevant. The Law Offices of David J. Stern P.A. is a Third-Party-Debt-Collector, who falsely claimed to represent the Creditor. See, Lawyer responsible for false debt collection claim, Federal Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692 *et seq*, and **Heintz v. Jenkins, 514 U.S. 291; 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)**; During the course of this instant proceeding the Court will find AURORA LOAN SERVICES LLC is not the Creditor with the right to foreclose, which KAROL S. PIERCE Esquire falsely represented to JOHN KORMAN, and the Court was misinformed in order for KAROL S. PIERCE Esquire to facilitate an act of larceny against JOHN KORMAN, by gross negligence, and an absence of due care.

KAROL S. PIERCE, Esquire was negligent in the execution of its duty as an Officer of the Court, caused harm to the Home-Owner in terms of the time expended defending one's home against an illegal assault and the money lost in doing so, not to mention mental distress, all of which was avoidable had KAROL S. PIERCE exercised a little due diligence and reasonable care, which is obviously absent.

KAROL S. PIERCE, Esquire participated in a scheme to illegally transfer JOHN KORMAN's property to a Corporation KAROL S. PIERCE Esquire served, in utter disregard for the rule of law, done in the capacity of a legal professional, as a member of that legal profession.

Federal Rule of Civil Procedure 8(a) states that a complaint should contain *"a short and plain statement of the claim showing that the pleader is entitled to relief,"* Fed. R. Civ. P. 8(a)(2), and that *"[e]ach allegation must be simple, concise, and direct."* Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only *"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."* Swierkiewicz v. Sorema N.A., 534 U.S. *506,* 512 (2002); accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. *557, 568* n.15 (1987) (under Federal Rule 8, claimant has *"no duty to set out all of the relevant facts in his complaint"*). *"Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."* Epos Tech., 636 F. Supp.2d 57,63 (D.D.C. 2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendant's Motion would be considered properly filed only where a Plaintiff's complaint is unintelligable, not where a complaint suffers for 'lack of detail." Epos Tech., 636 F. Supp. 2d at 63 (citations omitted). The simplified notice pleading

standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See **Swierkiewicz**, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g., **Towers Tenant Ass'ii v. Towers Ltd. P'ship, 563 F. Supp. 566, 569 (D.D.C. 1983)** (denying motion for a more definite statement because details such as *"dates, times, names and places"* are *"the central object of discovery, and need not be pleaded"*). Here, the State of Florida's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of *"a short and plain statement of the claim showing that the pleader is entitled to relief."* The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendant KAROL S. PIERCE, Esquire and how those actions are wrongful.

WHEREFORE, based on the foregoing, Defendant KAROL S. PIERCE's MOTION TO DISMISS should be denied;

Respectfully submitted;

By: _____
JOHN KORMAN, Relator,
934 SW 21st Way,
Boca Raton 33486
Florida U.S.A.
(561) 393-0773
korman2001@comcast.net

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED HEREBY CERTIFIES** that a true and correct copy of hereof has been forwarded, via first class U.S. Mail, to the following; Steven Ellison, Esquire, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach Florida 33401; and KOROL S. PIERCE, 6121 SW 42nd Court, Davie Florida 33314;

Via e-mail to the following;

HARRIS K. SOLOMON
harris.solomon@brinkleymorgan.com
STACY M. SCHWARTZ
Stacy.schwartz@brinkleymorgan.com
ALBA L. CLEVELAND
Alba.Cleveland@brinkleymorgan.com
KALEY LOMBARDO
Kaley.Lombardo@brinkleymorgan.com

Spencer Tew
st@tewlaw.com
on this 9th day of July, 2012.

                        John Korman
                        934 SW 21st Way
                        Boca Raton, Florida 33486
                        (561) 393-0773
                        korman2001@comcast.net

By: _____
     John Korman