# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

## CASE NO. 12-80364-CIV-MARRA/BRANNON

| | |
|---|---|
| JOHN KORMAN<br>Private Attorney General,<br>Petitioner, | )<br>)<br>)<br>) |
| v. | )<br>) |
| | ) |
| AURORA LOAN SERVICES LLC; | ) |
| OFFICE OF CEO, AND PRES OF AURORA; | ) |
| AURORA BANK FSB; | ) |
| MERSCORP HOLDINGS, INC; | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS INC; | ) |
| LEHMAN XS TRUST 2006-11; | ) |
| LASALLE BANK N.A. as TRUSTEE; | ) |
| U.S. BANCORP as successor TRUSTEE; | ) |
| ASSOCIATES LAND TITLE INC; | ) |
| THEODORE SCHULTZ, Individual; | ) |
| LAURA MCCANN, Individual; | ) |
| CYNTHIA WALLACE, Individual; | ) |
| JOANN REIN, Individual; | ) |
| LAW OFFICE OF DAVID J. STERN P.A.; | ) |
| DAVID JAMES STERN, Esquire; | ) |
| KAROL S. PIERCE, Esquire; | ) |
| CASSANDRA RACINE-RIGAUD, Esquire; | ) |
| MISTY BARNES, Esquire; | ) |
| DARLINE DIETZ, Notary; | ) |
| JOHN DOE 1 – 100; | ) |
| JANE DOE 1 – 100; | ) |
| | ) |
| Defendants. | )<br>/ |

FILED by ___ D.C.

JUL 3 1 2012

CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

CIVIL RIGHTS 1983 VIOLATION
FORGERY
USURY
CIVIL CONSPIRACY
STELLIONATION
INTRINSIC FRAUD
ATTEMPTED LARCENY
FRAUDULENT CONVERSION
CONSTRUCTIVE FRAUD
VIOLATION OF FDCPA
VIOLATION OF TCPA
VIOLATION OF FCRA
VIOLATION OF FDUTPA
MAIL FRAUD
WIRE FRAUD
UTTERING
R.I.C.O.
FRAUDULENT INDUCEMENT
FALSE CLAIM
MORTGAGE FRAUD
PROFESSIONAL NEGIGENCE

DEMAND FOR JURY
TRIAL
Fed.R.Civ.P. 38(b)

## OBJECTION TO DEFENDANT MISTY BARNES' MOTION TO DISMISS

Petitioner Objects to DEFENDANT MISTY BARNES' MOTION TO DISMISS, and as grounds state;

In determining whether to grant a Rule 12(b)(6) motion, or a 8 *et seq* motion, the Court shall not dismiss a complaint if it includes *"enough facts to state a claim for relief that is plausible on its face."* <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544, 570, 127 S.Ct. 1955, (2007) (dismissing complaint because plaintiffs had not *"nudged their claims across the line from conceivable to plausible"*). The Court *"must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiffs well- pleaded facts as true."* <u>American United Life Ins. Co. v. Martinez,</u> 480 F.3d 1043, 1057 (11th Cir. 2007). *"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, (citations omitted), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."* <u>Twombly,</u> 550 U.S. at 555, 127 S.Ct. at 1964-65. To survive a motion to dismiss under <u>Twombly,</u> a complaint's factual allegations, if assumed to be true, *"must be enough to raise the right to relief above the speculative level."* Petitioner meets this burden under <u>Twombly.</u>

The Supreme Court has explained that a complaint need only *"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."* <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. *506*, 512 (2002); <u>accord Atchison,</u>

**Topeka & Santa Fe Ry. v. Buell**, 480 U.S. *557, 568* n.15 (1987) (under Federal Rule 8, claimant has "*no duty to set out all of the relevant facts in his complaint*"). "*Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." **Epos Tech.**, 636 F. Supp.2d 57,63 (D.D.C. 2009) (quoting **Bell Atlantic v. Twombly**, 550 U.S. 544, 555 (2007)). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendant's Motion would be considered properly filed only where a Plaintiff's complaint is un-intelligible, not where a complaint suffers for 'lack of detail." **Epos Tech.**, 636 F. Supp. 2d at 63 (citations omitted). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See **Swierkiewicz**, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g., **Towers Tenant Ass'n v. Towers Ltd. P'ship**, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "*dates, times, names and places*" are "*the central object of discovery, and need not be pleaded*"). Here, the Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "*a short and plain statement of the claim showing that the*

*pleader is entitled to relief.*" The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain."

This Complaint, taken in its totality, draws the presumption MISTY BARNES, Esq., Aided and Abetted a Civil Conspiracy to attorn real-estate from Petitioner set over same to the Client, AURORA LOAN SERVICES LLC, which lacks standing to maintain an Action, *ab initio*. MISTY BARNES, Esq., accepted money in turn used her Office to facilitate a wrongful Foreclosure Action in violation of Title 11 U.S.C. 362(C), which is a federal crime.

MISTY BARNES, Esq., did not act alone, but as a co-conspirator in a Foreclosure Mill, actively conspired to defraud Petitioner of his Homestead Real-Estate, in violation of Petitioner's constitutionally protected right.

MISTY BARNES, Esq., actively participated in a joint venture with the LAW OFFICES OF DAVID J. STERN P.A., as a co-conspirator.

MISTY BARNES, Esq., committed a Fraud upon the Court by indorsing the commencement of a Foreclosure Complaint against Petitioner therein claiming to represent the Lender, Successor in Interest, or Assignee thereof, when in fact MISTY BARNES, Esq., knew this was a false averment predicated on the Complaint she indorsed. MISTY BARNES, Esq., acting in her professional capacity knew AURORA LOAN SERVICES LLC lacked the *sine qua non* to foreclose, as AURORA LOAN SERVICES LLC lacked the genuine Mortgage-NOTE *ab initio*; however a copy of the

Mortgage-NOTE is attached to the un-Verified Complaint, Specially Indorsed set over to LEHMAN BROTHERS HOLDINGS INC. As such MISTY BARNES, Esq., acted in a professionally negligent matter, caused Petitioner emotional duress, time and money.

MISTY BARNES, Esq., did not exhibit due care in the Foreclosure Action against Petitioner because the copy of the NOTE identifies the Real-Party-in-Interest and it is not the Client AURORA LOAN SERVICES LLC, as falsely alleged.

Lawyer is responsible for false debt collection claim, Federal Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692 *et seq*, and **Heintz v. Jenkins**, **514 U.S. 291; 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).**

MISTY BARNES, Esq., is a professional; acting in her professional capacity commenced a legal Action against Petitioner, to permanently deprive Petitioner of Real-Estate, averring to represent the Lender, Successor, or Assignee thereof, whereby the actual Complaint itself, indorsed by MISTY BARNES, Esq., does not illustrate a nexus between the Originator of the Loan and AURORA LOAN SERVICES LLC as Successor, or Assignee thereof; shows a lack of due care, and professional negligence by MISTY BARNES, Esq., causing harm to the Petitioner. It is not until the un-Verified Amended Complaint does an Assignment appear, propounding the transfer of the "**Mortgage together with the NOTE**" a fabricated document, created from whole-cloth, *ergo* created a counterfeit public record in light of the "Certified Document" filed with this Court contemporaneously with this objection;

Certified Document is acquired by Petitioner from the Supreme Court of the State of

Nebraska, titled; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC v.

NEBRASKA DEPARTMENT OF BANKING AND FINANCE, date Opinion is filed

October 21st 2005; see NOTICE filed same day as this objection, titled

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACT.

The MERS Assignment which purports to assign the Mortgage together with the NOTE

is a fraudulent factum.

WHEREFORE, based on the foregoing, and the admissible evidence found within the

JUDICIAL NOTICE filing, this Court should DENY Defendant MISTY BARNES'

MOTION TO DISMISS, in the alternative permit Petitioner leave to Amend.


Respectfully submitted;


By: _____

JOHN KORMAN, Petitioner,
934 SW 21st Way,
Boca Raton 33486
Florida U.S.A.
(561) 393-0773
korman2001@comcast.net

## <u>CERTIFICATE OF SERVICE</u>

**THE UNDERSIGNED HEREBY CERTIFIES** that a true and correct copy of hereof has been forwarded, via first class U.S. Mail, to the following; Steven Ellison, Esquire, Broad and Cassel, One North Clematis Street, Suite 500, West Palm Beach Florida 33401;


Via e-mail to the following;

HARRIS K. SOLOMON

harris.solomon@brinkleymorgan.com

STACY M. SCHWARTZ

Stacy.schwartz@brinkleymorgan.com

ALBA L. CLEVELAND

Alba.Cleveland@brinkleymorgan.com

KALEY LOMBARDO

Kaley.Lombardo@brinkleymorgan.com


Spencer Tew

st@tewlaw.com

on this 31st day of July, 2012.

John Korman

934 SW 21st Way

Boca Raton, Florida 33486

(561) 393-0773

korman2001@comcast.net

By: _____

John Korman
