IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

CASE NO. 12-80364-CIV-MARRA/BRANNON

FILED by _____ D.C.
AUG 15 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| JOHN KORMAN<br>Private Attorney General,<br>     Petitioner,<br>v.<br><br>AURORA LOAN SERVICES LLC;<br>OFFICE OF CEO, AND PRES OF AURORA;<br>AURORA BANK FSB;<br>MERSCORP HOLDINGS, INC;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS INC;<br>LEHMAN XS TRUST 2006-11;<br>LASALLE BANK N.A. as TRUSTEE;<br>U.S. BANCORP as successor TRUSTEE;<br>ASSOCIATES LAND TITLE INC;<br>THEODORE SCHULTZ, Individual;<br>LAURA MCCANN, Individual;<br>CYNTHIA WALLACE, Individual;<br>JOANN REIN, Individual;<br>LAW OFFICE OF DAVID J. STERN P.A.;<br>DAVID JAMES STERN, Esquire;<br>KAROL S. PIERCE, Esquire;<br>CASSANDRA RACINE-RIGAUD, Esquire;<br>MISTY BARNES, Esquire;<br>DARLINE DIETZ, Notary;<br>JOHN DOE 1 – 100;<br>JANE DOE 1 – 100;<br><br>     Defendants. | CIVIL RIGHTS 1983 VIOLATION<br>FORGERY<br>USURY<br>CIVIL CONSPIRACY<br>STELLIONATION<br>INTRINSIC FRAUD<br>ATTEMPTED LARCENY<br>FRAUDULENT CONVERSION<br>CONSTRUCTIVE FRAUD<br>VIOLATION OF FDCPA<br>VIOLATION OF TCPA<br>VIOLATION OF FCRA<br>VIOLATION OF FDUTPA<br>MAIL FRAUD<br>WIRE FRAUD<br>UTTERING<br>R.I.C.O.<br>FRAUDULENT INDUCEMENT<br>FALSE CLAIM<br>MORTGAGE FRAUD<br>PROFESSIONAL NEGIGENCE<br><br>DEMAND FOR JURY TRIAL<br>Fed.R.Civ.P. 38(b) |

**OBJECTION TO DEFENDANTS' LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN AND CASSANDRA RACINE-RIGAUD'S MOTION TO DISMISS**

Petitioner Objects to DEFENDANTS' LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN AND CASSANDRA RACINE-RIGAUD'S MOTION TO DISMISS, and as grounds state;

1. This Action is in response to a foreclosure Action which was commenced by the LAW OFFICES OF DAVID J.STERN, P.A., representing AURORA LOAN SERVICES LLC, a Servicer, without right, title nor interest, commenced a wrongful Foreclosure.

2. In determining whether to grant a Rule 12(b)(6) motion, or a 12(f) motion, the Court shall not dismiss a complaint if it includes *"enough facts to state a claim for relief that is plausible on its face."* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, (2007). The Court *"must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiffs well- pleaded facts as true."* American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).

3. When ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in a light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); see also Argabright v. United States, 35 F.3d 472, 474 (9th Cir. 1994). Motions to strike are disfavored as a **"[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation."** Wailua Assocs. v. Aetna Cas. & Sur. Co., 27 F. Supp. 2d 1211, 1216 (D. Haw. 1998)

4. The Supreme Court has explained that a complaint need only *"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n.15 (1987). Federal Rules embody "notice

pleading" and require only a concise statement of the claim, rather than evidentiary facts. The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See **Swierkiewicz, 534 U.S. at 512**.

5. Defendants, Attorney DAVID J. STERN and Attorney CASSANDRA RACINE-RIGAUD are professionals who profess to know the law; who owe a duty as an Officer of the Court to represent only true facts (presumptively);

6. Defendants DAVID J. STERN and CASSANDRA RACINE-RIGAUD as Attorneys know, in a foreclosure Action MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC, (hereinafter "MERS") which is acting in the capacity as a nominee for LEHMAN BROTHERS BANK FSB, lacks the legal capacity to function as a nominee / Assignor / Grantor the moment LEHMAN BROTHERS BANK FSB filed for Bankruptcy protection, because the Real-Party-in-Interest is the Judicial Trustee administering the Bankrupt estate of the debtor. Judicial Trustee is the only one with Standing to either Foreclose on Petitioner's Real-Estate, or may authorize MERS, if LEHMAN BROTHERS BANK FSB owned the debt.

7. LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD Defendant Attorneys know, or should know a LEHMAN BROTHERS BANK FSB Chapter 11 filing stays all legal activity, without the Judicial Trustee's prior approval.

8. LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD have violated Federal law, 11 U.S.C. ¶ 544, the automatic stay, considered a contempt of Court to proceed with a foreclosure Action while the Lender is under Bankruptcy protection, without the Judicial Trustee's prior consent or knowledge; furthermore,

9.  Defendants, LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD know MERS is not a party with an interest in Petitioner's NOTE, or anyone's NOTE, ever, or at least not in a Judicial Venue, however it appears MERS Assigned Petitioner's NOTE to their Client AURORA LOAN SERVICES LLC; see Petitioner's ~~DEFENDANT'S~~ REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACT, (DE 57);

10. When a client presents LAW OFFICES OF DAVID J.STERN, P.A., with a request to handle a Foreclosure, it is DAVID J. STERN and CASSANDRA RACINE-RIGAUD's professional duty to inform the Client, the CORPORATE ASSIGNMENT OF MORTGAGE does not comport with the law, after all an Attorney advises their Client(s) on the law. The Attorney is bringing the case forward, representing the Client. The Attorneys know that an Assignment of the NOTE by MERS, set over to their Client contemporaneously while the Lender, LEHMAN BROTHERS BANK FSB is under Bankruptcy protection, is an Assignment which is ineffective; but, that only holds true if it comes to light in a pleading, otherwise the foreclosure is infirm, and subject to future attack, but successful in this moment in time.

11. Over Ninety-Percent-plus of people in foreclosure either do not argue their case effectively or abandon their property; pretty good odds for an Attorney in the business of foreclosure, especially a business whereby the reward structure is based on performance.

12. LAW OFFICES OF DAVID J.STERN, P.A., filed a Foreclosure Action against Petitioner 13th day of May 2009, wherein the Plaintiff and the debt were alienated; furthermore the Plaintiff alleges the Mortgage-NOTE is missing, but possessed them prior to the loss. Any reasonable Attorney would be a little suspicious and ask for some evidence as to the truth in this matter before presenting such a story before the BAR; considering,

13. LEHMAN BROTHERS *et al.,* at one time was one of the largest Market-Makers in Mortgage-Backed-Securities, securitized every Mortgage-NOTE it could get (at least once); however, LAW OFFICES OF DAVID J.STERN, P.A., is putting forth the proposition that Petitioner's NOTE was held by LEHMAN BROTHERS BANK FSB in its own portfolio for two years until the Foreclosure commenced, thereafter authorized MERS to Assign it to the Servicer, AURORA LOAN SERVICES LLC, without a shred of evidence to that effect; however,

14. The Complaint and the evidence attached thereto is found a copy of a copy of a NOTE which indicates LEHMAN BROTHERS BANK FSB, the original Lender sold its right to the promissory NOTE, "***without recourse***".

15. It is not until 365 days later an Un-Verified Amended Complaint contained an untimely CORPORATE ASSIGNMENT OF MORTGAGE, which purports to assign the Mortgage together with the NOTE, which is ineffective, even if LEHMAN BROTHERS BANK FSB held the NOTE; see Petitioner's ~~DEFENDANT'S~~ REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACT, (DE 57). Both DAVID J. STERN and CASSANDRA RACINE-RIGAUD know this to be true, or should know as they are Attorneys. All the case law on this matter indicate, when this issue is brought to light, the Assignment of a NOTE from MERS is considered ineffective, not withstanding a Power-of-Attorney or similar authorization from the Lender (in this case Judicial Trustee), which would include the physical transfer of the NOTE to MERS acting as Agent, done prior to commencement.

16. Both DAVID J. STERN and CASSANDRA RACINE-RIGAUD knew the CORPORATE ASSIGNMENT OF MORTGAGE contained false information which would misdirect the Court into believing something true, which it was not, and both DAVID J. STERN and CASSANDRA RACINE-RIGAUD knew the Assignment was false, or should have known,

presented the CORPORATE ASSIGNMENT OF MORTGAGE because 9 out of 10 times the false statement of fact will be accepted as true. It appears to Petitioner the attitude of DAVID J. STERN and CASSANDRA RACINE-RIGAUD is; a falsehood is just as good as the truth if the Court accepts it as the truth.

17. Although both DAVID J. STERN and CASSANDRA RACINE-RIGAUD, and the LAW OFFICES OF DAVID J.STERN, P.A., are Attorneys working for the Firm, they are debt collectors. As Third-Party-Debt-Collectors, the LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD are responsible for a false collection claim, under the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692 *et seq*, see **Heintz v. Jenkins, 514 U.S. 291; 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).**

18. LAW OFFICES OF DAVID J.STERN, P.A., *et al.,* commenced a Foreclosure Action against Petitioner representing to represent the Real-Party-in-Interest, who Owned and Held the NOTE, none of which is true, confirmed by AURORA LOAN SERVICES LLC's alternate Counsel; see Petitioner's Complaint (DE 1, Exhibit "I" and "J") also see Complaint (DE 1, Exhibit "N") AURORA LOAN SERVICES LLC admits it is the Servicer, second paragraph contained in Exhibit "N"; *"As your mortgage loan servicer (Aurora Loan Services LLC...)"* Exhibit "N" attached to the Complaint is dated the 19th day of October 2010.

19. On the 13th day of May 2009 AURORA LOAN SERVICES LLC claims to be the Owner and Holder of the NOTE, re-presented by these Attorney Defendants.

20. LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD are debt collectors collecting a debt for the Servicer (pretend lender), who is collecting the debt for the Lender (non-party).

21. DAVID J. STERN and CASSANDRA RACINE-RIGAUD knew the averments found in the Complaint were false, and knew this falsity existed at the time the Complaint and the

Amended Complaint is presented; need look no further than the four corners of both versions of the Complaints, which the LAW OFFICES OF DAVID J.STERN, P.A. created, but the Client AURORA LOAN SERVICES LLC refused to Verify. (Should have sounded the alarm-bell.)

22. LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD are held liable under the Fair Debt Collections Practices Act (hereinafter "FDCPA") for false, deceptive or misleading representation or means in connection with the collection of a debt. The FDCPA violation was intentional, violation is not an error but rather a **modus operandi**.

23. LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD did represent to represent AURORA LOAN SERVICES LLC, which is admittedly a "Debt-Collector." See Complaint (DE 1, Exhibit "N" pg 3 of 5, and pg 4 of 5, and pg 5 of 5; **"Important Notice ... Aurora Loan Services is a debt collector. Aurora Loan Services is attempting to collect a debt ..."**)

24. LAW OFFICES OF DAVID J.STERN, P.A., *et al.,* maintained upon commencement of the Foreclosure in question, Petitioner owed $650,000.00 to AURORA LOAN SERVICES LLC, but refused to validate the debt after receiving a written request to do so, but continued collection efforts, up and until the LAW OFFICES OF DAVID J.STERN, P.A., *et al.,* stepped-aside April 7th 2011.

25. The FDCPA violation initially occurred upon commencement but was ongoing and continued to re-occur daily up and until the 7th day of April 2011, therefore the one year of Statute of Limitation had not run as of the filing of this instant Complaint, which is filed on the 5th day of April 2012; furthermore,

26. Documents produced in a judicial proceeding which are false, known to be false or misleading are subject to FDCPA liability.

27. It should be clarified, for the record; Petitioner's NOTE is NOT a negotiable instrument upon its execution, thereafter setting over same to the Bank (LEHMAN BROTHERS BANK FSB).

28. Petitioner's NOTE is NOT a negotiable instrument because it is not an unconditional promise to pay, and the amount of money owed is not certain, as the debt (NOTE) contains a pre-payment penalty and other conditions or events making the final amount due uncertain. The NOTE is NOT an unconditional promise to pay a sum certain at a predetermined time. The NOTE is a conditional promise to pay a sum un-certain at a predetermined time, does not comport with the legal definition of a negotiable instrument; and,

29. The NOTE is not a security per-say until after the Bank indorses the instrument, *"without recourse"* thereafter converting it into a Bank-Draft does it become "negotiable" provided the NOTE is an unconditional promise to pay a sum certain at a predetermined time, otherwise the NOTE becomes a non-negotiable instrument, and falls under contract law; see U.C.C. 9.

30. Petitioner's promissory NOTE contains a pre-payment penalty; late-payment penalty; contains provision for the property's sale or transfer; contains provision for the Lender to exercise Notice of Acceleration; and contains provision of 30 days for a remedy; thus it can not be said Petitioner's promissory NOTE is a negotiable instrument.

31. As for COUNT XXXIII of the Complaint. Petitioner believes and is informed Petitioner's debt is employed, in part, to fund an Investment Company, Real-Estate-Mortgage-Investment-Conduit ("REMIC"), titled LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-11, wherein Petitioner is an undisclosed third party

beneficiary by externality; as such COUNT XXXIII of the Complaint should stand. See Complaint (DE 1, paragraph 13, 95, 96, 319, 320, 333, 419, 420, 424, 427, 428, 429, 430, 432, 433, 543, 546, 548, 549, 795, 887, and 888)

32. As for COUNT IV and VII, Fraud upon the Court is why the LAW OFFICES OF DAVID J.STERN, P.A., *et al.,* lost their largest Clients, Fannie Mae and Freddie Mac, forcing LAW OFFICES OF DAVID J.STERN, P.A., to shutter its doors; as in that foreclosure case, wherein there was a finding of Fraud upon the Court, that case was DISMISSED <u>with prejudice</u>; see <u>U.S. Bank, N.A. v. Harpster</u> **(51-2007-CA-6684ES) (2010)**. In fact, a trial court has a duty and obligation to dismiss a cause of action based on fraud.

33. Although Fraud upon the Court may not be recognized by the State of Florida as a separate and distinct cause of action, this Court finding a Fraud upon the Court would result in Judicial Estoppel. Fraud upon the Court may however be a misnomer; designation should really read a Wrongful Foreclosure action as it relates to LAW OFFICES OF DAVID J.STERN, P.A., *et al*.

34. This Court has ample authority to sanction Lawyers, Attorneys and Lenders asserting improper and facially fraudulent foreclosure claims.

35. This Court's authority to sanction crooked Attorneys is explicit in Florida law and implicit in the Courts' inherent power to sanction bad faith litigation.

36. Any party seeking to foreclose a mortgage without a good faith belief in the facts giving rise to the asserted claim may be sanctioned "upon the court's initiative," §57.105(1), Fla. Stat. 12. This statute affords judges the authority to immediately impose significant penalties for bringing unfounded litigation. See Moakely v. Smallwood, 826 So. 2d 221, 223 (Fla. 2002), citing United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. 567, 572 (1920) (sanctioning attorney for acting in bad faith in a mortgage foreclosure sale).

37. Neither a Bank nor its alleged Servicer can Foreclose upon Real-Estate Loans they do NOT Own, nor can they prove they own the Loan. If Petitioner, a non-Attorney can figure this out surely a learned Attorney would know neither the Bank nor Servicer can foreclose unless it owns the debt, or is acting as the Agent for the Owner. The Attorneys DAVID J. STERN and CASSANDRA RACINE-RIGAUD do know or should have known their Client, AURORA LOAN SERVICES LLC can not prove it owns Petitioner's debt, but DAVID J. STERN and CASSANDRA RACINE-RIGAUD chose to look the other way and file knowingly fraudulent documents because the odds favor the foreclosure, and their pay-check is based on performance.

38. LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD knew their Client's Claim as presented to the Court was not supported by material facts, and that the material facts presented as found within the Complaint are not supported by existing law, i.e. the CORPORATE ASSIGNMENT OF MORTGAGE, which assigned the Mortgage **"together with the note,"** is a known fraudulent factum.

39. Petitioner denies the Complaint (DE 1) is a "Shotgun Pleading" as described in Fed.R.Civ.P. 8(a)(2). The Complaint clearly articulates that all of the actors are acting in concert with the other actors and each is a co-conspirator, as this scheme would fail otherwise;

40. Petitioner is informed and believes, allege thereon that herein each Defendant is an Agent, Servant, representative, or/and employee of their co-Defendants, and in doing the things herein alleged is acting in the capacity of authority as Agent, Servant, representative, or/and employee, with the permission and consent of their co-Defendants.

41. Petitioner is informed and believes, allege thereon that here each Defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the actions of each other

Defendant, and each Defendant, Corporate or otherwise, is acting as the alter ego of the other in the acts alleged herein; for example;

42. Opposing Counsel is requesting the Court Dismiss the three Counts against his Clients, which took fifteen (15) pages to articulate. Petitioner has a thirty-five (35) count Complaint, which consists of two-hundred-and-thirty-three (233) pages. If you take 233 pages divided by 35 Counts we find each of Petitioner's counts consists of six-and-two-third (6.66) pages. Petitioner does not believe the length of the Complaint is at issue, only the content / substance, which is as short, simple, concise, clear and direct as it can be considering there is thirty-five (35) Counts in said Complaint; alternatively,

43. Fed.R.Civ.P. 9(b) requires Petitioner to plead with particularity allegations of Fraud, who, what, where, when, the participation of each party and their role in the said Fraud showing how the Fraud occurred; which is in-apposite to the Federal Rule embodying the "notice pleading" which require only a concise statement of the claim, rather than evidentiary facts. Rule 9(b) has been complied with as the Complaint identifies the Defendants who committed the Fraud; what the Fraud consisted of, when the Fraud occurred, and who participated in the Fraud, done with particularity; however,

44. In the event this Court is of the opinion Petitioner did not comply with either Rule 8, or Rule 9, the Court should permit Petitioner leave to Amend, pursuant to **Haines v. Kerner**, **404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).** See also **Plaskey v. CIA**, **953 F.2nd 25**, **"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings."**

45. Petitioner's Claim for relief is NOT a Class-Action governed by Fed.R.Civ.P. 23, but is a private Action commenced by a Citizen which will benefit the community as a whole; see **Judiciary Act of 1789**; see **Civil Rights Act of 1866**, 14 Stat. 27, (sometimes referred to as

The Private Attorney General Act) 39th Congress, Sess 1, Ch 31 (1866), CHAP. XXXL, (Formally titled): **An Act to protect all Persons in the United States in their Civil Rights, and furnish the Means of their Vindication**, April 9, 1866; Public Law 104-317, Oct 19, 1996, 110 Stat 3853; 93 stat 1284; Public Law 96-170, 96th Congress, Dec 9th 1979.

46. The Private Attorney General Act provides the Citizen with the right to collect not only reasonable Attorney fees but also treble damages, once Petitioner prevails in an action brought in the public interest.

47. Petitioner has expended at least three-thousand (3,000) hours per year for the past three years on this foreclosure issue, is unable to work a normal job because of the time required to fight the opposing party, now has taken an offensive position to not only benefit Petitioner but the community as a whole.

48. *"When plunder becomes a way of life for a group of men living together in society, they create for themselves, in the course of time, a legal system that authorizes it and a moral code that glorifies it."* Frédéric Bastiat (1801-1850)

**WHEREFORE, PREMISES CONSIDERED**, this Court should DENY DEFENDANTS' LAW OFFICES OF DAVID J.STERN, P.A., DAVID J. STERN and CASSANDRA RACINE-RIGAUD MOTION TO DISMISS, in the alternative permit Petitioner leave to Amend. Respectfully submitted;

By: _____
JOHN KORMAN, Petitioner,
934 SW 21st Way,
Boca Raton 33486
Florida U.S.A.
(561) 393-0773
korman2001@comcast.net

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED HEREBY CERTIFIES** that a true and correct copy of hereof has been forwarded, via e-mail to the following;

Spencer Tew / st@tewlaw.com

Steven Ellison / sellison@broadandcassel.com

Leon R. Margules / marguleslaw@yahoo.com

on this 15th day of August, 2012.

> John Korman
> 934 SW 21st Way
> Boca Raton, Florida 33486
> (561) 393-0773
> korman2001@comcast.net
>
> By: _____
> John Korman