UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO.12-80364-civ-MARRA/BRANNON

JOHN KORMAN,
Private Attorney General,

       Petitioner,

v.

AURORA LOAN SERVICES, LLC, etc., et. al.,

       Defendants.
_____/

## DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendants, DARLENE DIETZ, THEODORE SCHULTZ, LAURA MCCANN, JOANNE REIN[1], CYNTHIA WALLACE, and THOMAS L. WIND (collectively, "Movants"), by counsel and pursuant Rules 12(b)(2) and (5) of the *Federal Rules of Civil Procedure*, hereby move this Court to quash service of process and dismiss this action against Movants, and in support thereof state as follows:

**A.**    **Procedural History.**

On April 5, 2012, Plaintiff filed his Verified Complaint in the above-captioned action. [Doc. 1]. Each Summons issued as to each Movant was addressed to the individual "as employee of AURORA LOAN SERVICES LLC" and directed to be served upon the company's registered agent. [Doc. 5]. On April 19, 2012, the Summonses and Complaint were purportedly served on each Movant via "Paul Matthews (Process Agent)" at Corporation Service Company,

---

[1] While identified by Plaintiff as "Joan Rein," Defendant's proper name is actually "Joanne Rein."

the Registered Agent for Aurora Loan Services, LLC. [Doc. 9, 17, 18, 19, 20, and 21].

As delineated herein, service of process on Movants is not in compliance with Rule 4(e) of the *Federal Rules of Civil Procedure*, and consequently is defective and should be quashed by this Court.

B.  **Memorandum of Law.**

Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings, and the burden of proving the validity of service of process is on the plaintiff. See *Martin v. Salvatierra*, 233 F.R.D. 630, 631 (S.D. Fla. 2005).

Under *Federal Rule of Civil Procedure* 4(e), proper service may be accomplished by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Plaintiff's purported service of process on Movants by serving Corporation Service Company, the Registered Agent for Aurora Loan Services, LLC, fails to comply with either provision of Fed.R.Civ.P 4(e).

Under Section 48.031, *Florida Statutes*, service of process may be made individually upon the person to be served under subsection (1), or effectuated via substitute service pursuant to subsection (2). Plaintiff's purported service of process on Movants via the Registered Agent of an employer does not comply with the *Florida Statutes*. See *Lowe v. Hart*, 157 F.R.D. 550, 552 (M.D. Fla. 1994) (holding that substituted service of process at Defendants' office did not comply with the applicable statutory provisions).

Alternately, Plaintiff has failed to properly effectuate service pursuant to Rule 4(e)(2) of the *Federal Rules of Civil Procedure*, as service on the Registered Agent of an employer is not authorized by the rule. Movants have not authorized anyone at Aurora Loan Services, LLC or its Registered Agent, Corporation Service Company, to accept service on their behalf. *See* Declaration of Lynette Spohn, attached hereto as Exhibit "A." Accordingly, service has not been properly perfected pursuant to Rule 4(e)(2). *See Martin*, 233 F.R.D. at 632.

"By definition, service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Prewitt Enter., Inc. v. OPEC*, 353 F.3d 916, 921 (11th Cir. 2003) (internal citations and quotations omitted). "A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as a matter of individual liberty so that the maintenance of the suit ... [does] not offend traditional notions of fair play and substantial justice." *Id.* Because service of process has not been properly effectuated, this Court does not have personal jurisdiction over Movants, and this action must be dismissed pursuant to Rule 12(b)(2) of the *Federal Rules of Civil Procedure*.

C.   **Conclusion.**

The purported service of process as to the Movants should be quashed and the action dismissed for Plaintiff's failure to comply with the requirements of Rule 4(e) of the *Federal Rules of Civil Procedure* and Section 48.031, *Florida Statutes*.

WHEREFORE, Defendants, DARLENE DIETZ, THEODORE SCHULTZ, LAURA MCCANN, JOANNE REIN, CYNTHIA WALLACE, and THOMAS L. WIND, move this Court to quash service of process and dismiss the Complaint, and for such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via U.S. mail this day on John Korman, 934 S.W. 21st Way, Boca Raton, FL 33486.

>BROAD AND CASSEL
>Attorneys for Defendants
>One North Clematis Street, Suite 500
>West Palm Beach, FL 33401
>Telephone: (561) 832-3300
>Facsimile: (561) 655-1109
>E-mail:  sellison@broadandcassel.com
>
>
>By:___/s/ Steven Ellison_____
>    STEVEN ELLISON
>    Florida Bar No. 510319