IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

CASE NO. 12-80364-CIV-MARRA/BRANNON

| | |
|---|---|
| JOHN KORMAN )<br>Private Attorney General, )<br>                             Petitioner, )<br>v. )<br> )<br>AURORA LOAN SERVICES LLC; )<br>OFFICE OF CEO, AND PRES OF AURORA; )<br>AURORA BANK FSB; )<br>MERSCORP HOLDINGS, INC; )<br>MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS INC; )<br>LEHMAN XS TRUST 2006-11; )<br>LASALLE BANK N.A. as TRUSTEE; )<br>U.S. BANCORP as successor TRUSTEE; )<br>ASSOCIATES LAND TITLE INC; )<br>THEODORE SCHULTZ, Individual; )<br>LAURA MCCANN, Individual; )<br>CYNTHIA WALLACE, Individual; )<br>JOANN REIN, Individual; )<br>LAW OFFICE OF DAVID J. STERN P.A.; )<br>DAVID JAMES STERN, Esquire; )<br>KAROL S. PIERCE, Esquire; )<br>CASSANDRA RACINE-RIGAUD, Esquire; )<br>MISTY BARNES, Esquire; )<br>DARLINE DIETZ, Notary; )<br>JOHN DOE 1 – 100; )<br>JANE DOE 1 – 100; )<br> )<br>                             Defendants. )<br>_____/ | FILED by ___ D.C.<br>OCT 0 5 2012<br>STEVEN M. LARIMORE<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. - W.P.B.<br><br>CIVIL RIGHTS 1983 ~~VIOLATION~~<br>FORGERY<br>USURY<br>CIVIL CONSPIRACY<br>STELLIONATION<br>INTRINSIC FRAUD<br>ATTEMPTED LARCENY<br>FRAUDULENT CONVERSION<br>CONSTRUCTIVE FRAUD<br>VIOLATION OF FDCPA<br>VIOLATION OF TCPA<br>VIOLATION OF FCRA<br>VIOLATION OF FDUTPA<br>MAIL FRAUD<br>WIRE FRAUD<br>UTTERING<br>R.I.C.O.<br>FRAUDULENT INDUCEMENT<br>FALSE CLAIM<br>MORTGAGE FRAUD<br>PROFESSIONAL NEGIGENCE<br><br>DEMAND FOR JURY<br>TRIAL<br>Fed.R.Civ.P. 38(b) |

## IN OPPOSITION TO KAROL S. PIERCE'S MOTION TO DISMISS

JOHN KORMAN, (herein after "Petitioner") submits this pleading in opposition to Defendant's Motion to Dismiss for failure to state a cause of action. Petitioner contends that the Complaint does in fact allege sufficient facts to state a cause of action against Defendant KAROL S. PIERCE Esquire. KAROL S. PIERCE Esquire, at all time relevant, is an employee of the Law Offices of David J. Stern P.A. The Law Offices of David J. Stern P.A. is a Third-Party-Debt-Collector, falsely claimed to represent the Creditor. See, Lawyer responsible for false debt collection claim, Federal Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692 *et seq*, and **Heintz v. Jenkins, 514 U.S. 291; 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)**; During the course of this instant proceeding the Court will find AURORA LOAN SERVICES LLC is not the Creditor with the right to foreclose, in which KAROL S. PIERCE Esquire falsely represented to JOHN KORMAN, and the Court was misinformed, in order for KAROL S. PIERCE Esquire to facilitate an act of larceny against JOHN KORMAN, by gross negligence, and an absence of due care.

KAROL S. PIERCE, Esquire was negligent in the execution of its duty as an Officer of the Court, caused harm to this Home-Owner in terms of the time expended defending Respondent's home against an illegal assault and the money lost in doing so, not to mention mental distress, all of which was avoidable had KAROL S. PIERCE exercised a little due diligence and reasonable care, which is obviously absent.

KAROL S. PIERCE, Esquire participated in a scheme to illegally transfer JOHN KORMAN's property to a Corporation KAROL S. PIERCE Esquire served, in utter disregard for the rule of law, done in the capacity of a legal professional, as a member of that legal profession.

Federal Rule of Civil Procedure 8(a) states that a complaint should contain *"a short and plain statement of the claim showing that the pleader is entitled to relief,"* Fed. R. Civ. P. 8(a)(2), and that *"[e]ach allegation must be simple, concise, and direct."* Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only *"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has *"no duty to set out all of the relevant facts in his complaint"*). *"Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."* Epos Tech., 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)). Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendant's Motion would be considered properly filed only where a Plaintiff's complaint is unintelligible, not where a complaint suffers for 'lack of detail.' Epos Tech., 636 F. Supp. 2d at 63 (citations omitted). The simplified

notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. See **Swierkiewicz, 534 U.S. at 512**. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g., **Towers Tenant Ass 'ii v. Towers Ltd. P'ship**, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as *"dates, times, names and places"* are *"the central object of discovery, and need not be pleaded"*). Here, Petitioner's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of *"a short and plain statement of the claim showing that the pleader is entitled to relief."* The Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendant KAROL S. PIERCE, Esquire and how those actions are wrongful; furthermore,

> Petitioner is informed and believe, allege thereon that hereinafter each Defendant is an Agent, Servant, representative, or/and employee of their co-Defendants, and in doing the things hereinafter alleged is acting in the capacity of authority as Agent, Servant, representative, or/and employee, with the permission and consent of their co-Defendants.

> Petitioner is informed and believes, allege thereon that hereinafter each Defendant assisted, aided and abetted, adopted, ratified, approved, or condoned the

actions of each other Defendant, and each Defendant, Corporate or otherwise, is acting as the alter ego of the other in the acts alleged herein; as such,

KAROL S. PIERCE, Esquire is identified in each COUNT wherein the LAW OFFICE OF DAVID J. STERN, P.A. is mentioned, as an Agent, as a co-conspirator in a Civil Fraud, for aiding and abetting.

**WHEREFORE**, based on the foregoing, Defendant KAROL S. PIERCE's MOTION TO DISMISS THE VERIFIED COMPLAINT should be denied;

Respectfully submitted;

By: _____
JOHN KORMAN, Petitioner,
934 SW 21st Way,
Boca Raton 33486
Florida U.S.A.
(561) 393-0773
korman2001@comcast.net

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED HEREBY CERTIFIES** that a true and correct copy of hereof has been forwarded, to the following parties via e-mail to the following recipients;

HARRIS K. SOLOMON

harris.solomon@brinkleymorgan.com

STACY M. SCHWARTZ

Stacy.schwartz@brinkleymorgan.com

Spencer Tew / st@tewlaw.com

Steven Ellison / sellison@broadandcassel.com

Leon R. Margules / marguleslaw@yahoo.com

on this 5th day of October, 2012.

John Korman
934 SW 21st Way
Boca Raton, Florida 33486
(561) 393-0773
korman2001@comcast.net

By: _____
John Korman